THE MERCHANTS TRUST COMPANY & others *vs.* ALBERT A. RUSSELL & others.

Essex. March 21, 1927.— May 24, 1927.

Present: RUGG, C.J., PIERCE, CARROLL, WAIT, & SANDERSON, JJ.

*Devise and Legacy,* Power. *Executor and Administrator.*

A will devised real estate to the testator's son, charged with a trust to pay a certain sum to the testator's granddaughter, and provided that otherwise the son was " to hold for the term of his natural life, with full power and authority to use the income and principal as he desires, and to sell and convey absolutely and in fee simple any part or all of said principal, including both real estate and personal property, without any purchaser being answerable for the application of the purchase money, but without power to dispose of by will"; and that, if any part of the principal remained undisposed of by the son during his lifetime, it was to go to such of his children as were living at his death. *Held,* that the son had no power to make a gift of the property or to convey it without consideration.

The son, in the circumstances above described, deeded the property to one of his sons, a grandson of the testator, without consideration, and died. Seventeen days before his death, creditors of the son brought a suit against him and his son, to have the property applied to the payment of his debts. After his death, the executrix of his will, his widow and his next of kin were made parties defendant. A final decree was entered that the property be conveyed to the executrix of the will of the son to be administered in the Probate Court as a part of his estate. On appeal by the defendant, it was *held,* that the decree must be reversed as the son's title ended with his death and the property was not an asset belonging to his estate.

BILL IN EQUITY, filed in the Superior Court on September 6, 1922, and afterwards amended, by creditors of Charles F. Russell against Charles F. Russell and Albert A. Russell, his son, to whom he had conveyed real estate without consideration in the circumstances described in the opinion.

Charles F. Russell died on September 23, 1922, and, on motion by the plaintiff, the bill was suitably amended and the executrix of his will, his widow and his next of kin were added as parties defendant.

The suit was heard by *Macleod,* J. Material facts found by him are stated in the opinion. By his order a final decree was entered directing the defendant Albert A. Russell to

convey the real estate in question to the executrix of the will of Charles F. Russell, to be administered by her in the Probate Court "first to satisfy the trust established in the will of Frederick A. Russell for the benefit of his granddaughter, the defendant Marion Frances Russell Stone, and thereafter as assets of the estate of said Charles F. Russell." All the defendants appealed.

*E. S. Abbott,* (*J. B. Mahoney* with him,) for the defendants.

*W. E. Rowell,* (*J. S. Eastham* with him,) for the plaintiffs.

CARROLL, J. Under the residuary clause of the will of Frederick A. Russell, his son Charles F. Russell was given certain real estate, with the fixtures, farming instruments and equipment, "to hold for the term of his natural life, with full power and authority to use the income and principal as he desires, and to sell and convey absolutely and in fee simple any part or all of said principal, including both real estate and personal property, without any purchaser being answerable for the application of the purchase money, but without power to dispose of by will." The property was charged with a trust to pay the sum of $4,000 to Marion F. Russell, the granddaughter of the testator. The will provided that "if any part of the principal" given to Charles F. "shall remain undisposed of by him during his lifetime," it was to go to such of the children of Charles F. Russell as are living at the time of his death. On March 27, 1922, Charles F. by deed and bill of sale transferred to his son Albert A., without consideration, all of the land and personal property which came to Charles F. by the will of his father.

Charles F. died September 23, 1922. He was indebted to the plaintiffs. The prayers of the bill are to restrain the defendants from conveying the property, and for the appointment of a receiver with authority to sell the property and to distribute the proceeds among the creditors of Charles F. Russell.

The judge found that the property was conveyed to Albert A. Russell upon an oral trust to mortgage the property for the purpose of paying the debts of Charles F. Russell. The plaintiffs do not contend that they can compel the execution of this oral trust. They now concede that it

cannot be enforced.   They rely upon *Clapp* v. *Ingraham,* 126 Mass. 200, which decided that where a person had the power of appointment and executed it, the property appointed was considered in equity part of his assets subject to the demands of his creditors in preference to those of his voluntary appointees or legatees.

By the will of Frederick A. Russell his son Charles F. received a life estate with power "to sell and convey absolutely and in fee simple . . . without any purchaser being answerable for the application of the purchase money," with a trust to the extent of $4,000 for the benefit of Marion F. Russell, the remainder of the property undisposed of to go to the children of Charles F. Russell living at his death. Charles F. had a life estate with the power of sale. *Kelley* v. *Meins,* 135 Mass. 231, 234.  *Dana* v. *Dana,* 185 Mass. 156. *Homans* v. *Foster,* 232 Mass. 4.   He had no power to make a gift of the property, or convey it without consideration. He could sell it and dispose of the proceeds as he desired, but the language of the power must be so construed as to carry out the testator's intentions and regard must be had to the rights of the remaindermen.    *Lovett* v. *Farnham,* 169 Mass. 1, 6.   Charles F. Russell could use and enjoy the property as he saw fit, but he could not dispose of it except by sale. The testator provided that the purchaser should not be answerable for the application of the purchase money; and according to the terms of the instrument Charles F. could not dispose of the property by will.   The beneficiary had rights in the property of which she could not be deprived, and the remaindermen also had rights which could not be taken away from them except in accordance with the terms of the will.  *Alexander* v. *McPeck,* 189 Mass. 34, 43.   The conveyance to Albert A. was without consideration; as the judge found, it "operated as an absolute gift."   It was not, therefore, a sale within the meaning of the will, which gave to Charles F. Russell no authority to dispose of the estate by gift; he was limited to the terms of the will, and the gift was not authorized by it.   *Stocker* v. *Foster,* 178 Mass. 591, 599.  *Clapp* v. *Ingraham, supra,* has no application to the case at bar; the power given in that case was executed in

accordance with the terms of the will, whereas Charles F. Russell, in conveying the property, exceeded his right. He had no power to make a gift. He acted, not under the authority given him, but contrary to the provisions of the will.

The decree directed Albert A. Russell to execute and deliver to Anna M. Russell, the executrix of the will of Charles F. Russell, a proper deed of transfer of all the real and personal estate conveyed to Albert A. by Charles F., to be administered, first to satisfy the trust for the benefit of the testator's granddaughter, Marion F. Russell (Stone), and thereafter as assets of the estate of said Charles F. Russell. The decree was wrong. The property transferred by gift from Charles F. to Albert A. did not belong to the estate of Charles F. and was not assets belonging to his estate. The decree must be reversed, and the bill dismissed.

*Ordered accordingly.*