# APRIL, 1946

## MRS. FLORRIE NYE ET AL V. ROBERT R. BRADFORD.

No. A-729. Decided February 27, 1946.
Rehearing overruled April 3, 1946.
(193 S. W., 2d Series, 165.)

*Jones & Jones* and *W. N. Jones,* of Mineola, for petitioners.

Under the terms of the will of R. T. Bradford, his widow, Mrs. Mattie Bradford, had a legal right to convey the land in controversy to her daughter, Mrs. Florrie Nye, the petitioner herein in consideration of services performed by Mrs. Nye, in supporting and caring for her mother, Mrs. Bradford. Heller v. Heller, 114 Texas 401, 269 S. W. 771; Garland v. Meyer, 169 S. W. (2d) 531; Kahn v. Kahn, 94 Texas 114.

*Kelley Smith* and *Troy Smith,* of Tyler, for respondent.

Under the undisputed evidence in this case the deed from Mrs. Bradford to her daughter, Mrs. Nye, was a deed of gift and not a sale. Fisk v. Flores, 43 Texas 340; Janes v. Gulf Production Co., 15 S. W. (2d) 1102; John Hancock Mutual Life Ins. Co., v. Bennett, 128 S. W. (2d) 791.

MR. JUSTICE SMEDLEY delivered the opinion of the Court.

This suit is by respondent Robert R. Bradford against petitioners, Mrs. Florrie Nye and her husband, for the recovery of an undivided one-half interest in four improved lots (together with household goods) in the town of Mineola, Texas, which had been the "home place" of R. T. Bradford and his wife, Mattie Bradford, both deceased, who were the parents of Robert R. Bradford and Mrs. Nye. Decision of the controversy depends upon the effect to be given to a deed, executed by Mrs. Mattie Bradford after the death of her husband, purporting to convey the property in controversy to Mrs. Nye, and the construction and effect to be given to the joint will of R. T. Bradford and his wife, Mattie Bradford. After jury trial judgment was rendered for Robert R. Bradford. The Court of Civil Appeals affirmed that judgment, Chief Justice Hall dissenting and expressing the opinion that Robert R. Bradford should have been awarded only a one-fourth interest in the property. 189 S. W. (2d) 889.

The property in controversy herein and certain improved real property in Tyler, Texas, were community property of

R. T. and Mattie Bradford. Robert R. Bradford and Mrs. Florrie Nye were their only children. It is shown by undisputed evidence that R. T. and Mattie Bradford had executed two wills in which they had made no provision for their daughter, but that they had forgiven her when they made their last will and had agreed that they would treat the children exactly alike.

The will is a joint will executed by the husband and wife, R. T. and Mattie Bradford, on November 12, 1938. It is copied in full in the opinion of the Court of Civil Appeals. 189 S. W. (2d) 889, 891-892. The introductory paragraph declares that the two testators "do hereby make and publish this our last will and testament." Each of the several paragraphs by which property is bequeathed and devised begins with the words "we do hereby will, bequeath and devise." The third paragraph bequeaths and devises "to the survivor of us" all of the property of which either of the testators shall be seized and possessed, "to be owned and held by said survivor during his or her lifetime, with remainder over to our beloved children, towit, Mrs. Florrie Bradford Nye and Robert Roy Bradford, as is hereinafter more fully set out."

The fourth paragraph of the will bequeaths and devises to Mrs. Nye, "to be owned in fee simple upon the termination of life estate of the survivor of us," a two-story house and its lot in Tyler, Texas, a duplex house and its lot in Tyler, an undivided one-half interest in another house and lot in Tyler, and an undivided one-half interest "in our home place and the lot on which the same is situated in Mineola, Wood County, Texas." The devise of the one-half interest in the home place is followed by this sentence: "However, the survivor of us is fully authorized and empowered to sell said home place in the event he or she may so desire."

The fifth paragraph of the will bequeaths and devises to Robert Roy Bradford, to be owned in fee simple, "upon the termination of the life estate of the survivor of us," a one-story house and its lot in Tyler, another one-story house and its lot in Tyler, an undivided one-half interest in another house and lot in Tyler (in which the other one-half interest was devised to Mrs. Nye), and an undivided one-half interest in the home place in Mineola "subject, however, to the right of the survivor of us to sell the same as above provided." Another paragraph devises and bequeaths "to our said children" share and share alike all other property that "we may own at the time of our respective deaths, subject only to the life estate of the survivor of us as above provided." The will appoints the sur-

vivor independent executor or executrix without bond "of this our joint will."

R. T. Bradford died January 8, 1941, and on the application of his surviving wife, Mattie Bradford, the will above described was admitted to probate on February 15, 1943, as his last will and testament. Mrs. Mattie Bradford made and filed oath as executrix of the will of the estate of her deceased husband and she produced before the appraisers an inventory and appraisement of his estate, in which the property in controversy and other real estate were listed as community property.

On March 5, 1943, Mrs. Mattie Bradford executed to petitioner Mrs. Nye a deed purporting to convey the property in controversy, the entire interest in the same. The deed recites that it is made in consideration of "the love and affection which I bear toward the grantee, who is my daughter," that the property is conveyed to Mrs. Nye "in her own separate right and estate" and that the grantor reserves a life estate.

Mrs. Mattie Bradford died April 12, 1943, and on the application of petitioner Mrs. Nye the joint will described above was admitted to probate on May 24, 1943, as the last will and testament of Mrs. Bradford. Mrs. Nye was appointed and qualified as administratrix of the estate of Mrs. Bradford.

Petitioner Mrs. Nye claims title to the property in controversy herein, the home place, through and under the deed above described from Mrs. Mattie Bradford, while respondent Robert R. Bradford claims title to an undivided one-half interest in the property through and under the joint will of his parents, contending that the deed did not have and should not be given the effect of conveying to Mrs. Nye any part of that undivided interest.

On the trial in district court evidence was offered by petitioner Mrs. Nye, and admitted over objection by respondent, for the purpose of proving that the deed from Mrs. Bradford to Mrs. Nye was executed in consideration of services rendered and to be rendered by Mrs. Nye in looking after and caring for Mrs. Bradford when she was an invalid. But two issues were submitted by the court to the jury. One issue inquired whether the jury found from a preponderance of the evidence that a part of the real consideration for the deed was for services rendered by Mrs. Nye to Mrs. Bradford; and the other issue inquired whether the jury found from a preponderance of the evidence

that Mrs. Nye actually rendered the services in caring for Mrs. Bradford as consideration for the deed. Both issues were answered "no." Following the verdict judgment was rendered for respondent Robert R. Bradford for an undivided one-half interest in the property.

■ According to its terms, the deed from Mrs. Bradford to Mrs. Nye was made as a gift of the property and not as a sale. The joint will authorized the survivor, who became a life tenant, to sell the property in the event she might desire to do so, and by selling it she could defeat the remainder which was devised to the two children in equal undivided interests. She was not authorized by the will to accomplish that by gift of the property. The rights of the remaindermen could not be taken away from them except in accordance with the terms of the will. A gift of property is not a sale. The conveyance, if a gift, was not authorized by the power that the will conferred upon the survivor. Merchants' Trust Company v. Russell, 260 Mass. 162, 157 N. E. 338; Quarton v. Barton, 249 Mich. 474, 229 N. W. 465; Van Every v. McKay, 331 Mo. 335, 53 S. W. (2d) 873; Maynard v. Raines, 240 Ky. 614, 42 S. W. (2d) 873; Quisenberry v. The J. B. Watkins Land Mortgage Company, 92 Texas 247, 47 S. W. 708; 24 Am. Jur. p. 731, Sec. 3; 33 Am. Jur. p. 739, Sec. 259.

■ We approve the opinion of the Court of Civil Appeals in holding inadmissible the evidence offered by petitioners for the purpose of proving that the deed to Mrs. Nye was made in consideration of services rendered or to be rendered by her to the grantor, her mother. The deed shows on its face the character of the right created, that is, that the property is conveyed to Mrs. Nye "in her own separate right and estate." The parol evidence offered is in contradiction of that recital, since it would tend to prove that Mrs. Nye, a married woman, acquired the property by onerous title and "would change the estate conveyed by the deed to community property." 189 S. W. (2d) 889, 890. The evidence, therefore, is inadmissible. Kahn v. Hahn, 94 Texas 114, 58 S. W. 825; McKivett v. McKivett, 123 Texas 298, 70 S. W. (2d) 694; Davis v. Davis, 141 Texas 613, 175 S. W. (2d) 226.

■ Citing Kahle v. Stone, 95 Texas 106, 65 S. W. 623, petitioners contend that respondent Robert Bradford cannot invoke the rule against the admission of the parol evidence because he was not a party to the deed. That case does not support the contention. In the instant case Mrs. Nye is seeking by parol evidence to change the character of the estate conveyed. She is the grantee in the deed and claims under it. She is bound by its contractual

recitals and is estopped to deny them. See the authorities above cited and Harvard v. Smith, 13 S. W. (2d) 743; Greene v. White, 137 Texas 361, 375-376, 153 S. W. (2d) 575.

■ In view of the foregoing conclusions as to the deed, the amount of the interest in the property in controversy to which respondent is entitled, whether one-half or one-fourth, depends upon the construction and effect to be given to the joint will. He is entitled to a one-half interest if the will is mutual as well as joint, that is, if it was executed in pursuance of an agreement between the two testators as to the disposition of their property. One who relies upon a will as a contract has the burden of proving that the will is contractual as well as testamentary in character. Proof may be made by the provisions of the will itself or by competent witnesses who testify to the agreement; and evidence as to declarations of the promisor, relations or conduct of the parties and other facts and circumstances, that tend to prove that an agreement was made, are admissible. Moore v. Moore, 198 S. W. 659, application for writ of error refused; Williams v. Williams, 123 Va. 643, 96 S. E. 749; Plemmons v. Pemberton, 346 Mo. 45, 139 S. W. (2d) 910; Page on the Law of Wills (3d ed.) Vol. 4, pp. 927-933, Secs. 1753-1754; Alexander's Commentaries on Wills, Vol. 3, pp. 107-108, Sec. 92, 69 C. J. pp. 1303-1305, Secs. 2729-2731; Note 102 A. L. R. pp. 491, 494-495.

■ It is held that the mere making of a joint will does not of itself prove that it was made pursuant to contract. Wagnon v. Wagnon, 16 S. W. (2d) 366, application for writ of error refused; Page on the Law of Wills (3d ed.) Vol. 4, pp. 927-929, Sec. 1753; 69 C. J. pp. 1304-1305, Sec. 2731. The will may, by its terms or in its recitals, conclusively prove or tend to prove that it is based on or executed in furtherance of agreement. Moore v. Moore, 198 S. W. 659; Sherman v. Goodson's Heirs, 219 S. W. 839, application for writ of error refused; Williams v. Williams, 123 Va. 643, 96 S. E. 749, 751; Plemmons v. Pemberton, 346 Mo. 45, 139 S. W. (2d) 910.

■ We are convinced, by careful examination of the statement of facts and of the joint will of R. T. Bradford and his wife, Mattie Bradford, that the uncontroverted evidence and the will taken together conclusively prove that the will was made in consummation of the agreement of the parties to it to make disposition of the property that they joinly owned, their community property, in the manner set out in the will.

Mrs. Revelle, one of the witnesses to the will, who was called

to testify for petitioners, testified on cross examination, without objection, that R. T. Bradford and his wife, on account of "displeasure of something their daughter had done," had made two wills in which they did not provide for their daughter, but that when the last will was made they had forgiven her and had agreed at that time that they were going to treat their children exactly alike. This is not merely testimony as to a declaration made by the testators; it is direct evidence that the agreement was in fact made at the time the will was executed. Another witness testified that after R. T. Bradford's death, his surviving wife told her that "they had made a will and fixed the property like they intended for it to go." The record contains no contradiction of the foregoing testimony.

The will is jointly executed and speaks in all of its paragraphs as the joint act of the testators. Together they bequeath and devise their property, all of which is community property. Nowhere do they separately devise or bequeath their interests in the property, as the testators did in Garland v. Meyer, 169 S. W. (2d) 531, and in Curtis v. Aycock, 179 S. W. (2d) 843. The will does not dispose of the property generally to the named devisees, but it carefully makes separate specific devises of certain designated real estate to each of the two children. To the daughter it devises the entire interest in two separate pieces of improved real property and an undivided one-half interest in each of two other pieces of improved real property. In like manner it devises to the son two pieces of improved real property and an undivided one-half interest in each of the two pieces of improved property in which the other undivided one-half interest is devised to the daughter. The division made is apparently equal, treating the two children exactly alike in the accomplishment of the agreement to which the witness testified. The will treats the property of the testators as one, and the dispositions made are joint gifts from the testators, dividing the property equally between the two children. A will like that could not have been made without agreement between the testators that it should be so made. Its very terms are evidence that an agreement was made, and they are entirely consistent with the testimony of the witness as to what the agreement was. The testimony that the agreement was made and the terms of the will, in our opinion, clearly show that the will is contractual, was executed pursuant to agreement.

The conclusion that the will is contractual is supported by the following authorities: Larrabee v. Porter, 166 S. W. 395, application for writ of error refused; Moore v. Moore, 198 S. W. 659, application for writ of error refused; Sherman v. Good-

son's Heirs, 219 S. W. 839, application for writ of error refused; Williams v. Williams, 123 Va. 643, 96 S. E. 749; Plemmons v. Pemberton, 346 Mo. 45, 139 S. W. (2d) 910; Stevens v. Meyers, 91 Ore. 114, 177 Pac. 37, 2 A. L. R. 1155; Wilson v. Starbuck, 116 W. Va. 534, 182 S. E. 539, 102 A. L. R. 485.

We need not determine whether the agreement between the husband and wife, pursuant to which the joint will was executed, was valid and enforceable against the wife when made. Interesting discussions of the validity of such contracts appear in Larrabee v. Porter, 166 S. W. 395, 402-404, application for writ of error refused, and Johnson v. Durst, 115 S. W. (2d) 1000, 1004-1005. The husband, R. T. Bradford, fully performed his contract. He died without having undertaken to revoke the joint will and without having attempted to make any disposition of the property in contravention of the agreement. The surviving wife, on her own application, caused the joint will to be probated as the last will and testament of her deceased husband and qualified as executrix under the will. Thereupon the contract, even if it had theretofore been voidable (and as to that we express no opinion), became obligatory upon her. Larrabee v. Porter, 166 S. W. 395, application for writ of error refused; Johnson v. Durst, 115 S. W. (2d) 1000, 1004-1005; Sherman v. Goodson's Heirs, 219 S. W. 839, 841, application for writ of error refused; Rossetti v. Benavides, 195 S. W. 208, application for writ of error refused; Kirtley v. Spencer, 222 S. W. 328, 331, application for writ of error refused; McWhorter v. Humphreys, 161 S. W. (2d) 304, 305-307; Williams v. Williams, 123 Va. 643, 96 S. E. 749, 751; Alexander's Commentaries on the Law of wills, p. 102, Sec. 88.

Chief Justice Hall dissented from the majority opinion of the Court of Civil Appeals herein on account of expressions in the opinion in Aniol v. Aniol, 127 Texas 576, 94 S. W. (2d) 425, which, in our opinion, are not applicable to the will and the undisputed evidence in this case. In that case the Court of Civil Appeals concluded that the will "was not a mutual will, contractual in its nature." 62 S. W. (2d) 669. The opinion of this Court in the Aniol case states that it is unnecessary to determine whether or not the instrument "was technically a 'joint' will"; and that the will is treated "as being the separate will of each of the parties" because it is susceptible of that construction and has been admitted to probate as the will of one of them. These statements are followed by a long quotation from Wyche v. Clapp, 43 Texas 543, in which the opinion was expressed that the mere execution of an instrument in the form of a joint will cannot be given by construction the effect of a contract or

agreement to make mutual wills. There is nothing in the opinion of this Court in the Aniol case that contradicts or disapproves the conclusion of the Court of Civil Appeals in that case that the joint will was not contractual. The decision in that case, therefore, that after the death of the wife the provisions of the joint will were not enforceable against the surviving husband's estate, proceeds from the conclusion that the will was not executed pursuant to agreement or from the treatment of the will as "the separate will of each of the parties."

We do not construe the opinion in the Aniol case as intending to hold that a joint will may not, on the death of one testator, be probated as his will and again probated on the death of the other testator as the will of the latter. The general rule is that it may be thus twice probated. 69 C. J. pp. 1295-1296, Sec. 2710; Page on the Law of Wills (3d ed.) Vol. 1, pp. 227-228, Sec. 107; Note 43 A. L. R. p. 1020, 1022-1024; Sherman v. Goodson's Heirs, 219 S. W. 839, application for writ of error refused.

The Aniol case, as we construe the opinion, does not decide that the mere probating of a joint contractual will as the last will of the testator who dies first is an adjudication that the will is not contractual, or is an adjudication that the survivor is not bound by its provisions. The county court had before it for decision, in hearing the application to probate the joint will as the last will of R. T. Bradford, only the question of admitting the will to probate as his last will; and the court in making the order admitting the will to probate found only the several facts recited in the order and which, according to Article 3348 of the Revised Civil Statutes, must be proved to the satisfaction of the court, that is, that the testator, when he executed the will, was of age and of sound mind, that he was dead, that the court had jurisdiction, that citation had been issued and served, that the will was executed with the required formalities and solemnities, and had not been revoked.

■ Mrs. Bradford's deed to Mrs. Nye, if given effect, would deprive Robert Bradford of the interest in the property in controversy that the parties to the joint will agreed would be devised to him and that was devised to him pursuant to their agreement. As one of the beneficiaries of the agreement, he may maintain suit to enforce it. Larrabee v. Porter, 166 S. W. 395, application for writ of error refused; Sherman v. Goodson's Heirs, 219 S. W. (2d) 839, application for writ of error refused; Williams v. Williams, 123 Va. 643, 96 S. E. 749; Page on the Law

of Wills (3d ed.) Vol. 4, pp. 870-871, Sec. 1723; 69 C. J. pp. 1302-1303, Sec. 2726; Note 2 A. L. R. pp. 1193, 1200-1202.

The judgments of the district court and the Court of Civil Appeals are correct. They are affirmed.

Opinion delivered February 27, 1946.

Rehearing overruled April 3, 1946.