ANDREWS v. LARY et al.

No. 15069.

Court of Civil Appeals of Texas.
Fort Worth.

Oct. 14, 1949.

Rehearing Denied Nov. 18, 1949.

F. E. Johnson, Jack C. Altaras, and Kilpatrick & Kilpatrick, all of Cleburne, for appellant.

Sam M. Russell and C. O. McMillan, both of Stephenville, for appellees.

McDONALD, Chief Justice.

This is a suit for specific performance of a contract to sell land, and in the alternative for damages. The trial court, without a jury, denied a recovery.

Although several questions are presented in the briefs, affirmance of the judgment is required by the holdings we make with reference to two questions, and we shall discuss only those two.

The land was owned by W. A. Brady. The writings which are the basis of the suit were executed, respectively, on January 10 and January 12 of 1946. On February 27, 1946, Brady entered into a written agreement with Melvin Loftin and wife, Maggie Loftin, who are appellees here, which obligated Brady, among other things, to execute a will leaving the property now in suit to the Loftins, and which obligated the Loftins, among other things, to take Brady into their home and to minister unto his needs. The agreement recited that Brady was executing such a will at the same time; he did execute a will leaving this property to the Loftins; and the will was thereafter probated. Brady died on March 11, 1946. The trial court found that the Loftins took care of Brady until the date of his death, and that they had no notice of appellant's claim during such time.

Appellant argues that the Loftins, as beneficiaries under the will, took only such title as the testator had, burdened with appellant's equitable claim. They quote the following from 68 Corpus Juris 496:

"So, also, the vendor in a contract of sale, or an option to sell, may devise his interest, and the devisee will take the land subject to the same obligation as the testator, the right of the owner of the equitable title to the land not being affected by the vendor's will."

Citing such cases as Jones v. Eastham, Tex.Civ.App., 36 S.W.2d 538, writ refused, appellant says that a will takes effect only upon the death of the testator, and has no binding effect during his lifetime, and that it vests no rights during the lifetime of the testator. The cases cited by appellees do not involve wills made pursuant to a contract to leave property to a designated beneficiary.

This case does not involve an agreement to leave all of one's estate, as distinguished from specific property, nor an agreement invalid under the Statute of Frauds, Vernon's Ann.Civ.St. art. 3995, nor a failure to make the will agreed upon, nor a revocation of a will made pursuant to a contract. Here the agreement to make the will was in writing, the will was executed and later probated, the beneficiaries fully performed their agreements, and they had no notice up to the time of the testator's death of appellant's claim.

A valid agreement to make a will may be enforced. Rights accruing to the beneficiary are in their nature contractual rather that testamentary. This distinction is observed in Nye v. Bradford, 144 Tex. 618, 193 S.W.2d 165, 169 A.L.R. 1, and in many other decisions. In the Nye case, for instance, the Supreme Court recognized that the interest of one of the parties to the suit in the land in controversy would be an undivided one-fourth if his rights were testamentary, and one-half if his rights were contractual by reason of the will in question having been executed pursuant to an agreement to make a will. In Andrews v. Andrews, 116 Wash. 513, 199 P. 981, it was held that property acquired as a result of a contract to devise was community property, although the law of the state provided that property acquired by gift, bequest, devise or descent should be separate property of the spouse.

■ It is the general rule, as stated in 38 Tex.Jur. 740, that performance of a contract to convey land can be enforced against purchasers who had knowledge of the contract but not against innocent purchasers.

■ Here the Loftins acquired legal title to the property by virtue of the will and the probate of the will. Their rights in the property were contractual rather than testamentary. They acquired the property without notice of plaintiff's claim and they paid a valuable consideration for it. It is our opinion that they and their successors in title occupy the status of innocent purchasers. The plaintiff is not, therefore, entitled to specific performance as against them.

Plaintiff sued in the alternative for damages for breach of the contract. The trial court found that there was no proof of enhancement in value between the date of the contract and the date the will was filed for probate, treating the last date as the time the breach of contract occurred. The will was filed for probate on March 14, 1946. Especially in view of what we have said above, we believe that the breach of contract should be treated as having occurred not later than the time the will was filed for probate. There is no proof of enhancement in value up to that time, hence no damage is shown to have been suffered by plaintiff.

The judgment is affirmed.

### On Motion for Rehearing

In his motion for rehearing appellant raises the question, among others, that we erred in saying that the filing of Brady's will for probate constituted a breach of the contract to sell the land in question.

The measure of damages claimed by appellant was the difference between the contract price and the value of the land at the time of trial. The contract price was $15 per acre, the value claimed at the time of trial was $25. The only proof of value offered was the value at the time of trial and at the time suit was brought.

■ The writing dated January 10, 1946, recited that the seller would have a deed made as soon as possible. The writing dated January 12th did not expressly provide when the deal should be closed, but did provide that the purchaser should have possession on January 1, 1947. It was evidently contemplated by the parties that the deal should be closed, except as to delivery of possession, within a reasonable time after the contract was signed. It is a familiar rule of the law of contracts that performance will usually be implied as having been intended within a reasonable time where the parties do not stipulate for performance at a definite time. On February 27, 1946, Brady, the seller, made the contract with the Loftins in which he agreed that he would leave the property in question to them by his will. Brady died on March 11th, and his will was offered for probate on March 14th, in 1946.

The conclusion of law filed by the trial court, pertinent to the matter now under discussion, reads as follows: "There being evidence before the court of the value of the property at the date of the instruments sued on and no evidence of any enhancement in value, except at the date of filing the suit for specific performance, and there being evidence that during his lifetime, W. A. Brady, after the date of the instruments sued on, contracted with defendants Melvin Loftin and Maggie Loftin, to leave the property which plaintiff is seeking to purchase to them by his will and they having filed the will for probate immediately after the death of W. A. Brady the breach, of any, must be found to have occurred not later than the date of the filing of the will for probate and there being no evidence of any enhancement of value having taken place at the time, there is no evidence authorizing plaintiff to recover damages for breach of contract."

■ It was this conclusion of law that we had in mind when we said in our original opinion that the trial court treated the date the will was filed for probate as the date the contract was breached. Our summary of the trial court's finding was not precisely accurate, because the trial court actually found the same thing that we held, to-wit, that the breach of the con-

tract should be treated as having occurred not later than the time the will was filed for probate. It is our opinion that the breach occurred when Brady entered into the agreement with the Loftins on February 27, 1946, to leave the land to them by his will, and it was this we had in mind, as the trial court probably had in mind, in saying that the breach of the contract should be treated as having occurred not later than the time the will was filed for probate. Appellant made no effort to show that the land was worth more than the contract price at that time.

■ "The ordinary measure of damages in an action by the purchaser for a breach by the vendor of his contract to sell or convey real property is the difference between the contract price and the market value at the date of the breach." 43 Tex. Jur. 603.

Appellant is correct in saying that the remedy, whether for specific performance or for damages, may be pursued after the will is probated, but the measure of damages is to be determined by the date of the breach of the contract, not by the date suit is brought for damages.

■ Appellant also says that we erred in holding that the contract between Brady and the Loftins was an agreement to leave specific property by will, as distinguished from an agreement to leave such property as the testator might own at the time of his death. In the latter event, the beneficiaries would take only such rights as the testator himself had in the property at the time of death. Appellant calls attention to certain language of the will which reads as follows: "I hereby give, bequeath and demise unto Melvin Loftin and his wife, Maggie Loftin, * * * the following described real estate and personal property * * * which I may own or be interested in or entitled to at the time of my death."

■ The terms of the written contract are unqualified in providing that Brady will make a will leaving the property in question to the Loftins. The contract does provide that in the event the income from Brady's properties should be insufficient to maintain him that a named person as attorney in fact may sell such of his property as may be necessary to provide the required funds. Giving effect to all parts of the will and the contract and harmonizing them as far as is reasonably possible, we construe the quoted language as having reference to a possible future sale by the named attorney in fact, and not to a possible conveyance or contract of sale theretofore made by Brady. We construe the writings involved as a firm commitment on Brady's part to leave the land to the Loftins by his will, subject only to the contingency set out in the contract, to-wit, a sale at a future time made for the purpose of providing funds for Brady's support.

The motion for rehearing is overruled.