B. R. RAINWATER et al., Appellants,

v.

C. L. MASON, Appellee.

No. 6528.

Court of Civil Appeals of Texas. Amarillo.
Oct. 31, 1955.

see, B. R. Rainwater, paid the delay rental on the lease to the lessor, F. M. Bratcher.

The operator of Unit Four sent F. M. Bratcher a notice of application to the City of Post for permit to drill a well on Unit Four which notice was received by Bratcher. Thereafter a producing well was completed on Unit Four which production was prior to the termination of the primary term of the lease here in issue and production continued to date of suit. F. M. Bratcher and wife wrote the company purchasing the oil from the well on Unit Four and instructed them "to pay all royalties now due or to become due" from the leased property to their lien holder, Mrs. Fanny Proctor, who executed a subordination agreement of her lien as to the oil and gas lease here involved. Thereafter, F. M. Bratcher and wife, Cleo Bratcher, by warranty deed conveyed the property in Block Seven to C. L. Mason and their deed provided that appellee was to receive all royalties due or to become due from the day of the first runs that had not been paid to grantors.

The above facts are sufficient for a determination of this appeal. Appellee, C. L. Mason, following his acquisition of title to the property in controversy under the above described deed brought a suit in the form of trespass to try title to recover the ⅞ths leasehold estate under the contention that the lease had terminated because there had been no production on the leased land in Block Seven during the primary term as required in the original lease. Appellant, B. R. Rainwater, answered by a general denial, a plea of not guilty and further set out specific acts of ratification of the lease by appellee and his predecessor in title, F. M. Bratcher. Appellant further contended that the lease was in full force and effect by virtue of continuous production of oil on Unit Four—the producing unit in which the leasehold in issue was placed by Ordinance No. 89 of the City of Post. The trial court heard the case without a jury and entered judgment for appellee and appellants perfected their appeal. Appellee filed no brief in the cause on appeal.

Turner, Rodgers, Winn, Scurlock & Terry, Dallas (Lon Sailers, Dallas, of counsel), for appellants.

Pat Walker, Post, for appellee.

MARTIN, Justice.

On March 25, 1949, F. M. Bratcher and wife, Cleo Bratcher, executed an oil and gas lease to L. E. Ostrom and B. R. Rainwater leasing them Lots One through Eight in Block Seven in the City of Post for a primary term of three years. The lease contained a specific provision that the property could only be pooled with other property in Block Seven, and provided that in no event could any other pooling be done without the consent of the lessor. During the first year of the primary term, by City Ordinance No. 89, the City of Post provided for the pooling of lots and blocks in the city and placed Block Seven in Drilling Unit No. Four which contained lots other than in Block Seven. Thereafter the les-

7

■■ The record as stipulated by the parties reveals that appellee's predecessor in title, F. M. Bratcher, by a letter to Stanolind Oil Purchasing Company as purchaser of the oil from Unit Four, had assigned all royalties due under the lease in issue to Mrs. Fanny Proctor who held a lien on the leased premises. Mrs. Proctor executed an agreement subordinating her lien to the lease. Thus Bratcher recognized the validity of the lease in issue and ratified and acknowledged the validity of the unification of the leasehold premises with other blocks as provided by the city ordinance of Post. Appellee in having his deed from Bratcher provide that he was to receive the accrued royalty on the lease likewise recognized the lease as being in existence and that there was a producing well on Unit Four in which the leasehold was pooled. He therefore held no better title than his grantor, F. M. Bratcher. Appellant's point four presenting the issue that Bratcher's ratification and acknowledgment of the lease in issue was binding on appellee as his assignee is accordingly sustained. Texas & Pacific Coal & Oil Co. v. Kirtley, Tex.Civ.App., 288 S.W. 619, writ refused; Copeland v. Stanolind Oil & Gas Co., Tex.Civ.App., 279 S.W.2d 893, second case; Leopard v. Stanolind Oil & Gas Co., Tex.Civ.App., 220 S.W.2d 259.

■ Appellant's third point of error asserts that appellee's acceptance of a deed to the leased lots with the contractual provision therein that appellee was to acquire title to fourteen months unpaid and accrued royalties constituted an acceptance of benefits under the lease and a ratification of such lease. The provision of the deed is as follows:

" * * * including in said grant, all royalties due or to become due from the day of first runs that have not been paid to grantees, their heirs or assigns."

This provision in the deed accepted by appellee was clearly contractual in nature. At the time of acceptance of this deed, appellee knew the lease was in force and that it had been pooled with other property in Unit Four under City Ordinance No. 89 and that a producing well had been drilled on the unit or he would not have required such provision in his deed as to ownership of the royalty. Appellee's act in having inserted in the deed that he was to receive the royalties from the accrued oil runs and his acceptance of such deed was binding on him and constituted a ratification of the lease and of the unitization of the leasehold premises with other property in Unit Four. Appellee not only was bound by such ratification but was bound by the contractual provisions in his deed. Texas & Pacific Coal & Oil Co. v. Kirtley, supra; Leopard v. Stanolind Oil & Gas Co., supra; Humble Oil & Refining Co. v. Clark, 126 Tex. 262, 87 S.W.2d 471; Grissom v. Anderson, 125 Tex. 26, 79 S.W.2d 619, and Nye v. Bradford, 144 Tex. 618, 193 S.W.2d 165, 169 A.L.R. 1.

Appellant has predicated his appeal principally upon the proposition that the provisions in the lease limiting pooling were superceded by the city ordinance of Post providing for mandatory pooling or unitization. His first two points relate to this issue. It is appellant's position that this proposition is adequately supported by legal authority. A ruling on this point is not required to determine the appeal but attention is called to Art. 6014(g), Vernon's Annotated Texas Civil Statutes and Nale v. Carroll, 266 S.W.2d 519, 526, not cited in the appeal, wherein the Court of Civil Appeals ruled:

"It is well established that there can be no compulsory unitization in Texas, and to yield to the claims of appellants in this case would practically effect unitization."

A like ruling is found in Ryan Consol. Petroleum Corp. v. Pickens, Tex.Civ.App., 266 S.W.2d 526, Syl. 9. As revealed by Texas Supreme Court Reporter, Vol. 23 at Page 429, the Supreme Court of Texas granted an application for writ of error [See Texas Writ of Error Table] in Nale v. Carroll, supra, and the notation of the court as to the points on which the writ was granted reveals that point four is with

direct reference to the issue and ruling above quoted. The issue has not been resolved to date and it cannot be properly asserted that established law authorizes compulsory unitization in Texas.

The judgment of the trial court is reversed on the points above ruled upon and judgment is rendered for appellant.