**Homuth H. WEIDNER, Appellant,**

v.

**Katy Weidner CROWTHER et al., Appellees.**

No. 10398.

Court of Civil Appeals of Texas.

Austin.

May 23, 1956.

Rehearing Denied June 13, 1956.

W. L. Cook, Jr., Painter, Painter & Cook, Houston, Alton J. Luckett, Schleyer & Bartram, New Braunfels, for appellant.

Fuchs & Riedel, New Braunfels, W. S. Gideon, Austin, for appellees.

GRAY, Justice.

Appellees Katy Weidner Crowther and Agnes Weidner Bose joined by their husbands brought this suit against appellant Homuth Weidner to enforce the terms of the joint will of Hugo Weidner and his wife Sophie Weidner which will they al-

leged was contractual and was made pursuant to an agreement. They prayed that:

"* * * the Mutual Last Will and Testament of Hugo Weidner and Sophie Weidner, be established and declared to be enforceable against the property of the said Sophie Weidner, deceased and that the said Homuth H. Weidner be declared to be a trustee insofar as he holds or has in his possession or claims any and all property constituting a part of the estate of Sophie Weidner, deceased, and that it be declared that he holds same in trust, a one-third undivided interest for Katy Weidner Crowther as beneficiary and a one-third undivided interest for Agnes Weidner Bose as beneficiary, * * *"

Appellees are the daughters of Hugo Weidner by a former marriage and appellant is his son by his subsequent marriage to Sophie Weidner.

On January 12, 1923, Hugo and Sophie Weidner executed the will in question. It recites: "That we * * * do hereby make, publish and proclaim this to be our last will and testament * * *" It directs: that after the death "of one or either of us" that the debts against "our estate or the estate of either of us, shall be paid by the last survivor of us out of our estate;" that all property "whether deemed common or separate estate, shall be inherited by and shall at once pass into the unrestricted possession of the last survivor of either of us in fee simple." By paragraph "Third" the will provides:

"We hereby further will and direct that after the death of the last survivor of us all our property and estate, real, personal or mixed, common or separate, shall be inherited and divided equally, share and share alike, among our three children, to-viz: Agnes May Weidner, Katy Lea Weidner and Homuth H. Weidner."

The will appoints "* * * each other, whoever may be the last survivor of us, executor or executrix of this our last mutual will and testament * * *" It concludes with the statement:

"And having hereby disposed all our property and estate according to our mutual will and desire we hereby call on F. J. Schumann and Chris Herry to sign this as witnesses to our last will and testament."

Hugo Weidner died June 28, 1936, and at the time of his death neither he nor Sophie Weidner had revoked or changed the above will.

Sophie Weidner filed an application for the probate of the above will and on July 13, 1936, it was duly admitted to probate as the last will of Hugo Weidner. On that day (July 13) Sophie Weidner filed in the probate court "Notice of Revocation of Will and Application for Administration." This notice recited:

"That your Petitioner, after considering the terms and conditions set forth in said will, refuses to accept said terms and conditions, and hereby fully and completely revokes said will, and declares same null and void; that your Petitioner refuses to qualify as Independent Executrix without bond under the terms of said will, and hereby elects not to accept any other terms and conditions named in said will;

"That your Petitioner is desirous that she retain the status of an heir at law of Hugo Weidner, deceased, and that any property belonging to the community estate of Hugo Weidner and Sophie Weidner pass to your Petitioner under the Statutes of Descent and Distribution of the State of Texas; * * *"

The notice and application further alleged that a necessity existed for the appointment of an administrator of the estate of Hugo Weidner and prayed that she be appointed. Thereafter Sophie Weidner was appointed and qualified first as temporary and later as permanent administratrix of said estate. On August 25, 1936, she filed her final account and prayed that she be discharged. She reported that all

debts of the estate had been paid, listed the property belonging to said estate and reported that the persons entitled to receive said estate and the proportions are: Sophie Weidner one half and appellees and appellant one-sixth each. The account was approved, the administration closed and Sophie Weidner was discharged September 17, 1936.

On July 31, 1936, appellees joined by their husbands executed deeds conveying to Sophie Weidner all real and personal property owned or claimed by them from Hugo Weidner under the law of descent and distribution and each received therefor the sum of $1,400. On August 26, 1936, appellant executed a quitclaim deed whereby he quitclaimed to Sophie Weidner all real and personal property inherited by him from Hugo Weidner and received therefor a note for $1,400 due on or before 15 years after date without interest.

On November 30, 1936, Sophie Weidner executed her will whereby she devised all of her property to appellant and named him independent executor of her estate.

Sophie Weidner died June 5, 1953. Her will was probated, appellant took possession of and now claims as his own all of her property.

A trial to a jury was had but at the conclusion of the evidence the trial court on appellee's motion withdrew the case from the jury and rendered judgment sustaining the joint will of Hugo and Sophie Weidner and awarded appellees each a recovery of one-third of the property belonging to the estate of Sophie Weidner subject however to the payment of debts.

The trial court's judgment contains fact findings, some of which are: that the will of January 12, 1923, was the result of an agreement between the parties thereto, is contractual in its nature and that such agreement is evidenced by the instrument itself; that the deeds executed by appellees on July 31, 1936, do not bar their right to recover in this cause; that the said deeds were executed by appellees in ignorance and mistake of their rights, and that

Sophie Weidner was bound by her contract and agreement of January 12, 1923.

Appellees had the burden of proving that the will of January 12, 1923, was contractual as well as testamentary. The mere fact that the parties made a joint will is not, standing alone, proof that it was made pursuant to a contract. Nye v. Bradford, 144 Tex. 618, 193 S.W.2d 165, 169 A.L.R. 1. This authority also states that a will may by its terms or in its recitals conclusively prove or tend to prove that it was based on or was executed in furtherance of an agreement.

In applying the foregoing tests to the facts before us we will first examine the recitals and terms of the will. It cannot be disputed that the will makes disposition of "our estate" upon the death of each of the parties. Upon the death of the one first dying "all our property and estate" immediately vests in the survivor whose possession is made unrestricted and in fee simple, and such survivor is appointed independent executor or executrix. The will provides:

"We hereby will and direct, that after the death of one or either of us, all our just debts or the debts of either of us and claims against our estate or the estate of either of us, shall be paid by the last survivor of us out of our estate."

These recitals and the terms of the will together with the concluding statement supra that the parties having disposed of "all our property and estate according to our mutual will and desire" hereby call on witnesses to sign as witnesses "to our last will and testament" show that the parties were disposing of "our estate" without reference to their respective interests therein and without any limitation to the payment of debts or claims against the estate of either.

As said in Nye v. Bradford supra [144 Tex. 618, 193 S.W.2d 168]:

"The will treats the property of the testators as one, and the dispositions made are joint gifts from the testators,

dividing the property equally between the two [three] children. A will like that could not have been made without agreement between the testators that it should be so made. Its very terms are evidence that an agreement was made."

Circumstances that are evidence that the will was made pursuant to an agreement are: the fact that appellant and appellees are children of Hugo Weidner and therefore were each entitled to inherit from him but only appellant was entitled to inherit from Sophie Weidner; the family relationship between appellees and Sophie Weidner had always been friendly, appellees called her mother and had always treated her and been obedient to her as their mother, and this relationship continued until her death in 1953. Hugo and Sophie Weidner were husband and wife and were possessed with property. Their family consisted of themselves, appellees, then small girls and Hugo's daughters by his prior marriage, and appellant their own son.

Appellee Mrs. Bosc testified that a few days after her father's death that she, third parties and Sophie Weidner were present, that someone asked Sophie Weidner how everything was to be done and that:

"* * * She said everything is mine. It all goes to me. That is the first I knew.

"Q. Did she say anything else? A. She said the children get theirs whenever I pass away."

At any event this conversation occurred near or prior to the time that Sophie Weidner filed the will for probate at which time she was evidently of the same opinion and did no act to indicate her opinion had changed until July 13 when she filed her notice of revocation of will supra.

A further circumstance to be considered is the fact that Hugo Weidner was possessed of some estate from his prior marriage. The amount of this estate is not shown but it is shown that appellees released and quitclaimed to him their interests in the estate of their deceased mother, Lina Weidner. What estate Sophie Weidner was possessed of at the time of her marriage to Hugo is not shown. However the will of January 12, 1923, treats all property as "our estate" and disposes of it as such.

It is our opinion that the contents of the will itself together with the facts and circumstances in evidence and the declaration and acts of Sophie Weidner are conclusive and establish that the will was contractual and was made pursuant to an agreement and contract.

Regardless of whether or not Sophie Weidner had a legal right to revoke the joint will prior to the death of Hugo Weidner she did not do so. On the contrary she permitted it to stand from 1923 until after his death in 1936, and on November 30th of that year she made a will devising all of her property to appellant. Bearing in mind that the will of 1923 was contractual Sophie Weidner could not by her purported revocation revoke the contractual portion of the will and thereby prejudice the rights of the beneficiaries to compel a distribution of the estate under the contract and agreement on which it was founded. Murphy v. Slaton, 154 Tex. 35, 273 S.W.2d 588; Shawver v. Parks, Tex. Civ.App., 239 S.W.2d 188, er. ref.

Since we have concluded that appellees are rightfully asserting that they are entitled to have the estate distributed as is provided in the will of 1923, we think that their deeds to Sophie Weidner in 1936 become immaterial. At the most these deeds only conveyed property to Sophie Weidner which property then became a part of her estate and at her death subject to disposition in accordance with the contract as expressed in the will of 1923. This being true it would be immaterial here whether the deeds were executed by appellees in ignorance and mistake of their rights. Neither would it be material that Sophie Weidner may have thought she was acquiring property free of the claims of appellees. She at most fixed the status of

such property as a part of her estate and as such subject to her contract. At most these deeds only purported to convey appellees' interest in their estate of inheritance from Hugo Weidner and cannot be enlarged to include a release or conveyance of the estate of Sophie Weidner.

 In the instant case the contract and agreement was followed by the actual execution and publication of the testamentary instrument of January 12, 1923, and it did not violate Art. 4610, Vernon's Ann.Civ. St.; Graser v. Graser, 147 Tex. 404, 215 S.W.2d 867, 873. There the purported will before the court was entirely in the handwriting of the husband and was signed by him. It was signed by the wife but was not witnessed as to her. As to Art. 4610 the court said that article

"does not operate to inhibit the contract which is said to underline mutual wills of husband and wife and without which no mutual wills would apparently be enforceable against the surviving testator."

The agreement is not contrary to "good morals or some rule of law" and did not undertake to change the status of property as community or separate as that status was fixed by law. It simply made disposition of property in the manner that the parties were then free to obligate themselves to do.

There is no evidence that Sophie Weidner was wasting or mismanaging the property in her hands. Appellees could not enforce or give effect to the agreement, or to the will of 1923, during her lifetime and their cause of action did not arise until she died without discharging her contractual obligation. Richardson v. Lingo, Tex.Civ.App., 274 S.W.2d 883, er. ref., n. r. e. The suit was filed November 20, 1954, which was less than two years after the death of Sophie Weidner and the cause of action was not barred by any statute of limitation or by laches.

Appellant offered in evidence certified copies of notice of revocation of will and the application and orders in the administration proceedings both above referred to. On objections these copies were excluded. Under our view and disposition of this appeal the ruling does not present error. These proceedings and orders in no way relate to appellees' lawful rights to enforce the contractual obligation of Sophie Weidner. Under the contractual agreement all of Sophie Weidner's property at her death became subject to appellees' claims. She was bound by her contractual obligation of 1923, and such obligation could not be changed by such notice of revocation and the administration proceedings.

The judgment of the trial court is affirmed.