Col. C. R. TIPS et al., Appellants,

v.

Mary Jane YANCEY et al., Appellees.

No. 16993.

Court of Civil Appeals of Texas.

Dallas.

Dec. 1, 1967.

Rehearing Denied Dec. 29, 1967.

William C. Odeneal, Jr., of Odeneal & Odeneal, Dallas, for appellants.

James J. Hartnett, of Turner, Atwood, Meer & Francis, Dallas, for appellees.

BATEMAN, Justice.

This is a will contest in which the principal question to be determined is whether the joint will of David Robert Smith and his wife, Johnnie Mayes Morris Smith, was contractual and mutual and therefore irrevocable by the survivor. The trial court, on appeal from the probate court, held that it was and refused to admit the later, separate will of the survivor to probate.

David Robert Smith and his wife, Johnnie Mayes Morris Smith, executed a joint will dated May 25, 1963, with the formalities and solemnities necessary to make it a valid will. Omitting the signatures and certificate of the witnesses, the said will reads:

"THE STATE OF TEXAS ⎱ KNOW ALL MEN BY
COUNTY OF DALLAS ⎰ THESE PRESENTS:

"1. That we, DAVID ROBERT SMITH and JOHNNIE MAYES MORRIS SMITH, HUSBAND and WIFE, whose legal residence is Dallas, Dallas County, Texas, both being of sound and disposing mind and memory, do make, publish, and declare this to be our LAST WILL and TESTAMENT, each and both of us hereby revoking all wills by each and both of us heretofore made.

"2. We each will and leave to the other all property, real and personal, of every kind and description, that we may die seized and possessed, without restriction or limitation and in fee simple; provided, however, that *we should* die in a common accident or both die as the result of injuries received in a common accident then and in that event, it is our mutual desire and will that the sum of ($1,000.00) ONE THOUSAND DOLLARS shall go to George A. Smith of 4091 Grand (Creed) Ave, Los Angeles, California, brother of David R. Smith; also, that the sum of ONE DOLLAR and no more to Mrs. Gladys Chandler, wife of Russell Chandler of San Diego, Cal; also, the sum of ONE DOLLAR and no more to Frank Hubert Morris of Chicago, Illinois, brother of Johnnie Mayes Morris Smith.

"3. Should we both meet death as described in Paragraph Two of this Will, it is our will and mutual desire, that MRS. MARY JANE YANCY, (MRS TOM YANCY) now residing at 2817 S. Poplar St., Casper, Wyoming, or at 3112 Birmingham, Tulsa Oklahoma, shall, in this event, become EXECUTRIX and TRUSTEE of our ESTATE, from whom no bond shall be required. It is our mutual will and desire, that after the bequests are paid as per Paragraph Two of this Will, ALL of the Rest and Residue of our Estate shall go to the EXECUTRIX and TRUSTEE of Our Estate, MARY JANE YANCY, AND TO HER DAUGHTER, CARLA YANCY, in such portion or manner as the Trustee may deem proper or wise at the time.

"4. We each constitute and appoint the other as Survivor to be independent Executor or Executrix, as the case may be, of this our LAST WILL and TESTAMENT, and we each direct that no bond be required of the Survivor of us in such capacity. We also, each and both, direct that no action be had in any court relative to the administration of our respective estates, other than the probating of this, the WILL of the one of us that shall die first.

"5. At the eventual death of the Survivor, as above stated, ALL PROPERTY, real and personal, shall go to MARY JANE YANCY, our TRUSTEE and EXECUTRIX, as per paragraph three of this Will."

Thereafter the wife died and the husband filed the said joint will for probate and qualified as independent executor thereunder. He then made a new and separate will dated October 16, 1965, in which he simply provided that all of his just debts be paid and then that all of his property go to his nephew, Paul Smith, and appointing the appellant C. R. Tips as independent executor without bond. On the same date he made a codicil to that will leaving certain personal property to the appellee Mary Jane Yancey, describing her as a relative of his deceased wife. David Robert Smith died on November 3, 1965. Colonel Tips filed the will of October 16, 1965 for probate, and Mrs. Yancey filed the joint will of May 25, 1963 for probate. Each contested the will offered by the other, and when the cases reached the district court on appeal they were consolidated, and both Tips and Mrs. Yancey filed motions for summary judgment pursuant to Rule 166–A, Vernon's Texas Rules of Civil Procedure. The district judge denied Tips' motion and granted that of Mrs. Yancey, specifically finding in the judgment "that the Will executed on the 23rd day of May, 1963, by Johnnie Mayes Morris Smith and David R. Smith is a joint and mutual will and binding upon the Estate of David R. Smith, Deceased, and his representatives and upon all other persons mentioned in or benefited by the said joint and mutual will." The order admits the joint will to probate, denies probate of the later will, and appoints Mrs. Yancey as executrix.

Colonel Tips and Paul Smith appeal, and under their first point of error contend that the court erred in holding the joint will to be contractual and admitting the same to probate as the last will of David R. Smith.

A litigant moving for summary judgment pursuant to Rule 166–A, T.R.C.P., assumes the burden of proving the absence of any genuine issue as to any material fact, and all doubts as to the existence of a genuine issue as to a material fact must be resolved against him. Gulbenkian v. Penn, 151 Tex. 412, 252 S.W.2d 929 (1952). More-over, the evidence must be viewed in the light most favorable to the party opposing the motion. Great American R. Ins. Co. v. San Antonio Pl. Sup. Co., 391 S.W.2d 41, 47 (Tex.1965).

No proof was offered by either party in support of either of the motions for summary judgment. There are no depositions or requests for admissions in the record before us, and no affidavits are attached to either motion for summary judgment. Both motions refer to the pleadings and all of the papers filed in the probate court, but these offer no proof on the question now under consideration except the two wills in question. Therefore, in determining whether the joint will is so contractual and mutual as to be binding upon the estate of the survivor and, therefore, irrevocable, we must look solely to the terms and provisions of that will.

Appellants point out that the only portion of the joint will which attempts to make a disposition of the property of the "survivor" is contained in Paragraph 5, reading "At the eventual death of the Survivor, as above stated, ALL PROPERTY, real and personal, shall go to MARY JANE YANCY, our TRUSTEE and EXECUTRIX, as per paragraph three of this Will." They argue that the words "as above stated," must necessarily refer to the provisions in Paragraph 2 relating to death in or as the result of a common accident, and that, therefore, there is no provision in the will for disposition of the property of the testators except (1) as to the first of them to die and (2) in the event they both die in or as a result of a common accident. They also point to the language in Paragraph 2 of the joint will, wherein each of the testators leaves to the survivor all property, of every kind and description, "without restriction or limitation and in fee simple," and that the only qualification to such outright gift is the proviso with respect to the death of both testators in a common accident.

Appellants contend, therefore, that the joint will shows on its face that it was not

based upon a contract to make a joint and mutual will, but that it was obviously contemplated that the survivor, not dying in or as the result of a common accident, would have the right and be expected to make a separate will after the death of his or her spouse, as the case might be.

Appellees argue, on the other hand, that their use of the words *we, our,* and *our mutual will and desire,* shows that the testators were attempting to make "a comprehensive plan for disposing of the whole estate of either or both," as in Murphy v. Slaton, 154 Tex. 35, 273 S.W.2d 588, 593 (1954); Nye v. Bradford, 144 Tex. 618, 193 S.W.2d 165, 168, 169 A.L.R. 1 (1946); Harrell v. Hickman, 147 Tex. 396, 215 S.W.2d 876, 878 (1948); Wilke v. Thomas, 295 S.W.2d 283 (Tex.Civ.App., Eastland 1956, writ ref'd n. r. e.); Odell v. Odell, 306 S.W.2d 914, 917 (Tex.Civ.App., Fort Worth 1957, writ ref'd n. r. e.); and Weidner v. Crowther, 157 Tex. 240, 301 S.W.2d 621, 627 (1957).

Appellees reply to appellants' argument, that the provisions of Paragraph 5 of the will are bound to relate to the common accident contingency set forth in Paragraphs 2 and 3, by pointing out that Paragraphs 2 and 3 completely cover the common accident contingency and the gifts made in contemplation thereof, and that there would be no point in a further provision, under a separate paragraph number, that would be only repetitious. They also argue that the provisions of Paragraph 5 could hardly relate to the common accident contingency because if both died in a common accident one would not "survive" the other and would not "eventually" die after the other.

Appellees reply to appellants' argument concerning the use of the phrase "as above stated" by pointing out that it could hardly qualify the preceding phrase, "At the eventual death of the Survivor," because there is nothing elsewhere in the will relating to the death of a "survivor" or any provision as to disposition of property after the "survivor" has died; and that it is more logical to say

that the phrase "as above stated" qualifies the provision following it, and that the phrases "as above stated" and "as per paragraph three" should be held to mean "in accordance with and under the same trust provisions as those above set out in paragraph three."

■ After careful consideration of these contentions, and resolving all doubts against the movant for summary judgment, and viewing the evidence in the light most favorable to the other party, we have concluded that the will as a whole is ambiguous and that the terms thereof, standing alone and unaided by any other evidence, do not establish as a matter of law that the joint will was made pursuant to a contract that it would constitute a final disposition of the estates of both spouses and binding upon the estate of the survivor. Appellants' first point of error is sustained.

By their second point of error the appellants say the court erred in appointing Mrs. Yancey as executrix of the estate of David Robert Smith because her appointment under the will was conditional upon certain facts which did not occur, i. e., the will appointed her as executrix only in the event both Mr. and Mrs. Smith died in, or from injuries sustained in, a common accident, and that they did not so die.

It would be improper for us to pass upon this point. If appellants prevail at the trial of the case, presumably the court will admit to probate the separate will of Mr. Smith, in which Colonel Tips, not Mrs. Yancey, is named as executor. If, on the other hand, appellees prevail, it will then be the duty of the trial court to determine whether the language used in Paragraph 5 of the joint will may properly be interpreted to include the appointment of Mrs. Yancey as executrix of Mr. Smith's estate.

Because of the error of the trial court in rendering summary judgment, we reverse the judgment and remand the case for trial.

Reversed and remanded.