Stephanie C. Hawbaker, Dallas, for appellants.

Dot K. Sharpe, Dallas, for appellee.

Before STOREY, FISH and GUILLOT, JJ.

GUILLOT, Justice.

This is an appeal from a judgment of a probate court denying appellants' request for a constructive trust to be placed on all property owned by their late father, Herman Howell, at the time of his death, and further denying appellants' request to require appellee to file a bond in the probate court equal to the value of the estate of their father. Because we find the prior revoked will of Herman Howell is evidence of a contract between him and his first wife to jointly dispose of all their property in a particular manner, we reverse the judgment below.

On November 24, 1958, Herman and Sadie Howell executed a joint will. The following portions are pertinent to this appeal:

### I.

It is directed by each of us, that at the time of the death of the one dying first, all property, real, personal, and mixed, shall go to and vest in the survivor, subject to the conditions herein set forth.

### II.

Further, we each direct that, after the death of the survivor, all property, real, personal, and mixed, owned and possessed by such survivor shall go to and vest in our descendants per stirpes equally, ROBERT D. SCOTT, our son, and MARY ALICE PERL, our daughter, share and share alike.

### III.

We each direct that the survivor of this joint will, at his or her discretion, may sell, exchange or otherwise dispose of any and all property left by the one dying first.

Sadie died April 20, 1961. The 1958 will was admitted to probate upon Herman's application.

On November 20, 1978, Herman executed a new will revoking his prior will and leaving all his property to his second wife, Pauline. Herman died on January 1, 1980, and his 1978 will was admitted to probate upon Pauline's application. Perl and Scott then filed suit to impose a constructive trust on the property owned by Herman at the time of his death and to require Pauline to file a bond in the amount equal to the value of the assets shown on the inventory she filed.

Although Perl and Scott have brought up ten points of error, due to our disposition of the appeal, we need only discuss their first one. In their first point Perl and Scott contend the trial court erred in granting judgment to Pauline Howell because the 1958 will is conclusive proof of an agreement between Sadie and Herman Howell for the joint distribution of their estate. In

other words, they contend that the will is contractual, and, having probated it, Herman Howell is estopped to make a different disposition.

■ For the 1958 joint will to be contractual it must be executed pursuant to an agreement by the testators to dispose of all their property in a particular manner, each in consideration of the other. *Nye v. Bradford*, 144 Tex. 618, 193 S.W.2d 165 (1946); *Trlica v. Bunch*, 642 S.W.2d 540 (Tex.App.—Dallas 1982, no writ). There are two sources of proof of a contractual will: the instrument itself and extrinsic evidence. *Nye*, 193 S.W.2d at 167–68. Because the extrinsic evidence proffered at trial was inconclusive, we look to the will itself to determine whether the will is contractual.

■ Evidence of a comprehensive plan exists: if the will disposes of the property of both testators as one estate and provides for the disposition of the estate at the death of both testators; if the will reveals that the testators bequeathed all of their property and that nowhere did they bequeath their individual interests; if the will reveals that the disposition of the estate is made as a joint gift from both testators; and if the will treats devisees equally. *See Nye*, 193 S.W.2d at 168.

■ Examining the provisions of the will of Sadie and Herman Howell, we find that the estate is treated as one and that their property is disposed of at the deaths of both. These paragraphs also reveal a joint gift and an equal treatment of the devisees. Finally, nowhere in the will do the testators dispose of their individual interests. We conclude that the will is evidence of a contract.

■ Next we must determine the legal effect of the trial below. Perl and Scott introduced the will which on its face is proof of an underlying contract. When such a will has been introduced, the burden of persuasion is upon the proponent of the second will to come forward with evidence to show there was no underlying agreement. *Texas & Pacific Railway Company v. Moore*, 329 S.W.2d 293 (Tex.Civ.App.—El Paso 1959, writ ref'd n.r.e.). *See Farr v. Bell*, 460 S.W.2d 431, 436 (Tex.Civ.App.—Dallas 1970, writ ref'd n.r.e.). Pauline Howell offered no evidence to rebut the existence of an underlying agreement. In such a circumstance we hold that the underlying contract has been established as a matter of law. Thus, we need not address the points of error dealing with the failure to admit evidence and submit the proper special issue.

■ Finally, we must address the question, what property is subject to the contract evidenced by the joint will? The will is similar to the one considered in *Weidner v. Crowther*, 157 Tex. 240, 301 S.W.2d 621 (1957), in that all property owned by the survivor would pass to the devisees. That would include after-acquired property as well as property held by the survivor under the 1958 will. However, in the instant case, Pauline Howell's community interest in property acquired since her marriage to Herman would not be affected by the 1958 will. All other property held by Herman Howell at the time of his death is subject to the contractual disposition in the 1958 will. We shall not attempt to render a final judgment here describing the respective interests of the parties. Instead, we remand the case to the trial court with instructions to impose a constructive trust on all the property of Herman Howell and to order Pauline Howell to file a bond equal to the value of the estate shown on the inventory and appraisement.

Reversed and remanded with instructions. Costs taxed against appellee.