Milan F. ELLEXSON, Individually and as Independent Executor of the Estate of Ivy D. Williams, Deceased, et al., Appellants,

v.

Adrian ELLEXSON et al., Appellees.

No. 8109.

Court of Civil Appeals of Texas, Amarillo.

May 3, 1971.

Rehearing Denied June 1, 1971.

---

Lockhart, Lindsey & Neal, E. H. Lindsey, Amarillo, for appellants.

Lon Moser, Amarillo, for appellees.

REYNOLDS, Justice.

This appeal results from a declaratory judgment declaring that a will dated January 31, 1934, and executed by Henry Williams and Ivy D. Williams, then husband and wife and both now deceased, is and was their joint and mutual will, and decreeing the legal consequences flowing therefrom.

Henry Williams and Ivy D. Williams executed, as attested by two witnesses, a will dated January 31, 1934, the preamble and seven numbered paragraphs of which are as follows:

"THE STATE OF TEXAS:

"County of Donley: KNOW ALL MEN BY THESE PRESENTS, That we, Henry Williams and Ivy D. Williams, his wife, both of said county, being in good health and of sound and disposing mind and memory, do hereby make and publish this, our last will and testament, at the same time revoking any and all other wills by us or either of us at anytime heretofore made, to-wit:—

"1. We and each of us direct that our just debts, including funeral expenses be paid as soon as convenient after our death.

"2. I, Henry Williams, do hereby give, devise and bequeath to my wife, Ivy D Williams, all property, real and personal, owned by me at my death for the term of her natural lifetime, with power to lease, sell, trade or otherwise dispose of for cash or credit, or cash and credit at her discretion, and the purchaser of such property from my said wife shall acquire good title to such property. The remainder of all such property after the death of my said wife shall pass to and become the property of our children Mary E Connally and Henry Chester Williams, share and share alike. I further constitute my said wife independent executrix of this will without bond and free of control by any court, save only to probate this will and return inventory, appraisement and list of claims of my estate.

"3. I, Ivy D Williams, do hereby give, devise and bequeath to my husband, Henry Williams, all property, real and personal, owned by me at my death for the term of his natural lifetime, with power to lease, sell, trade, or otherwise dispose of for cash or credit, or cash and credit at his discretion, and the purchaser of such property from my said husband shall acquire good title to such property. The remainder of all such property after the death of my said husband shall pass to and become the property of our children, Mary E Connally and Henry Chester Williams, share and share alike. I further constitute my said husband independent executor of this will without bond and free of control by any court, save only to probate this will and return inventory appraisement and list of claims of my estate.

"4. Should Mary E Connally predecease us or either of us, then and in such event her share of said property shall pass to and become the property of her child or children, and in the absence of such child or children then such property shall pass according to the laws of descent and distribution of this state.

"5. Should Henry Chester Williams predecease us or either of us, then and in such event his share of said property shall pass to and become the property of his child or children, and in the absence of such child or children then such property shall pass according to the laws of descent and distribution.

"6. We and each of us desire that the survivor make no loans directly nor indirectly to any kin of either of us without consent in writing of both our children.

"7. It is our wish that any moneys left after payment of debts and funeral expenses and living expenses be invested in lands reasonably worth the sums to be paid therefor. This will shall cover and include any and all community property and also any and all separate property of us or either of us, and all such property shall pass to the survivor as provided in paragraphs two and three of this will."

Henry Williams died March 4, 1955, survived by Ivy D. Williams and the two children named in the will. Ivy D. Williams applied to have the will admitted to probate as the last will of Henry Williams, reciting in her application that his estate consisted mostly of personal property of the probable value of $25,000.00. The will was admitted to probate as the last will of Henry Williams, and Ivy D. Williams qualified as independent executrix and took possession of and exercised control over the property. The inventory and appraisement sworn to by the appraisers and Ivy D. Williams, filed and approved by the probate judge, certified that Henry Williams owned real estate of the value of $100.00 and personal property of the value of $26,024.15, a total of $26,124.15, and owed unpaid funeral expenses of $1,-300.00, for a net value of $24,824.15. It is admitted that at the time of the execution of the 1934 will and at Henry Williams' death, all of the property of Henry Williams and Ivy D. Williams was community property, consisting of an undivided one-sixteenth mineral interest in Section 119 and the North one-half of Section 135 of the GC&SF Railway Survey in Donley County, and cash, stocks, bonds and notes receivable.

One of the children, Mary Connally, died on November 29, 1956, without issue. Thereafter, Ivy D. Williams executed a will dated February 14, 1957, by the terms of which she revoked any prior wills and left all of her property to the son, Henry Chester Williams, with unlimited use thereof for his natural lifetime, with the remainder to certain named beneficiaries. On February 21, 1958, Ivy D. Williams executed a codicil to this will to include another relative as one of the remainder beneficiaries. The other child, Henry Chester Williams, died on May 15, 1966, without issue.

Ivy D. Williams died January 17, 1968. The February 14, 1957 will and the February 21, 1958 codicil were presented for probate as the last will and codicil of Ivy D. Williams. A contest was filed, alleging the July 31, 1934 will was a joint and mutual will entitled to probate as the last will of Ivy D. Williams. By separate orders the probate court admitted the February 14, 1957 will and the February 21, 1958 codicil to probate as the last will of Ivy D. Williams, and admitted the July 31, 1934 will of Ivy D. Williams to probate only as a muniment of title.

The inventory and appraisement filed in the estate proceedings of Ivy D. Williams listed her estate as consisting of real estate in Potter County of the value of $6,000.00, the undivided one-sixteenth mineral interest of the value of $500.00, cash in the sum of $4,636.15, savings and loan certifi-

cates of deposit in the principal amount of $25,000.00, and furniture of the value of $400.00.

Suit was filed in the district court seeking a judgment construing the wills and declaring and defining the rights, relationships and status of the heirs at law of Henry Williams and Ivy D. Williams. The plaintiffs in the trial court, and appellees here, are some of the heirs at law of Henry Williams and Ivy D. Williams; the defendants in the trial court, and appellants here, are the named beneficiaries in Mrs. Williams' 1957 will and 1958 codicil, the remaining heirs at law of Mrs. Williams, and the remaining heirs at law of Mr. Williams who did not elect to participate as plaintiffs in the suit for declaratory judgment.

After hearing the evidence, none of which bore on the intent of the testators at the time the 1934 will was executed, the trial court entered a declaratory judgment declaring that: 1) the 1934 will is and was the joint and mutual will of Henry Williams and Ivy D. Williams; 2) by virtue of the provisions of the 1934 will, one-half of $24,700.00 of the personal property and one-half of the mineral interest in the estate of Ivy D. Williams vested in the heirs at law of Henry Williams and the other one-half vested in the heirs at law of Ivy D. Williams; 3) Ivy D. Williams' estate of a minimum of $9,800.00 accumulated from sources other than through her common efforts with Henry Williams passed under the terms of her 1957 will and 1958 codicil; and decreeing the taxing of costs.

Appellants have appealed from this judgment, assigning seven points of error. The first five points may be summarized as alleging error in the trial court's determination that the 1934 will is and was mutual and decreeing a division of the property on that determination. The remaining two points allege error in taxing costs. The points of error will be considered generally rather than by number.

Appellants contend the 1934 will, while joint in form, is simply separate wills expressed in one instrument that are not mutual in operation, and urge this is especially true since no oral testimony was offered as to the intent of the testators at the time the will was executed. Appellants then reason that Ivy D. Williams could revoke her 1934 will at any time and did revoke it by her execution of the 1957 will, and, therefore, the 1957 will and 1958 codicil were correctly admitted to probate as her last will. Appellees answer that the 1934 joint will is contractual upon its face and no oral testimony was required to show contractual intent. Appellees then conclude that Ivy D. Williams, having taken under Henry Williams' will, is estopped to make any disposition of the property other than as provided by the 1934 will.

Each conclusion expressed by the respective parties is correct as deduced from the premise stated; thus, we must determine whether, from the record before us, the 1934 will, agreed to be joint in form, is a mutual will. The separately executed wills of two or more persons contained in a single instrument is a joint will. When the testators name each other as beneficiaries, the wills are reciprocal. A joint will becomes a mutual will, i. e., contractual, only when it is executed pursuant to an agreement between the testators to dispose of their property in a particular manner, each in consideration of the other. While the agreement for particular testamentary disposition may be proved by an instrument executed apart from the will or by the terms of the will itself, with or without the aid of oral testimony, the burden of proving the contractual nature of a will is upon the one who relies thereon. Nye v. Bradford, 144 Tex. 618, 193 S.W.2d 165 (1946).

There being no evidence of a contract to mutually execute the 1934 will and no testimony as to the intentions of the testators, if the will is in fact a mutual will, it is because its terms evidence con-

clusively the agreement to dispose of the property in the manner provided. In order that we may determine the true intent and meaning of the testators as expressed in the 1934 will, it is our duty to consider the language used within the four corners of the will. Republic National Bank of Dallas v. Fredericks, 155 Tex. 79, 283 S. W.2d 39 (1955).

■ While the 1934 will uses the pronouns *we, our* and *us* and contains the wills of Mr. and Mrs. Williams jointly executed by them, the controlling feature of the instrument, viewed from its four corners, is that the will of each testator is separately expressed. The will of each testator is complete within itself and separable from, without disarranging or dislocating the terms of, the other. The fact that one instrument using the pronouns *we, our* and *us,* expresses two wills executed by both of the testators, is not effective in itself to establish that the will was executed pursuant to an agreement to make a mutual will. City of Corpus Christi v. Coleman, 262 S.W.2d 790 (Tex. Civ.App.—San Antonio 1953, no writ); Garland v. Meyer, 169 S.W.2d 531 (Tex. Civ.App.—San Antonio 1942, no writ). The joint will construed in Garland v. Meyer, supra, was strikingly similar to the one now before us, and there the court held the will was not contractual by its terms.

■ Appellees cite the cases of Nye v. Bradford, supra, and Murphy v. Slaton, 154 Tex. 35, 273 S.W.2d 588 (1954) as authority for the proposition that the provisions of the 1934 will proved its contractual testamentary character without the necessity of testimony of an agreement between the testators for testamentary disposition. We have carefully reviewed these cases and conclude they are not controlling in view of the form and language of the 1934 will. In each of these cases the will under, consideration was in a form disposing of the testators' interests as one interest and not one in which the interests were separately devised and be-

queathed as is present in the will before us. The mutuality of the will in the Nye v. Bradford case, supra, cited in the Murphy v. Slaton case, supra, was supported by testimony of the agreement to execute a mutual will. Garland v. Meyer, supra, was cited with approval by the Supreme Court in Nye v. Bradford, supra, as distinguishing joint and separate wills in which the testators' interests are separately devised and bequeathed from joint and mutual wills in which the testators' interests are treated as one interest jointly disposed. Therefore, we conclude that the 1934 joint will of Henry Williams and Ivy D. Williams was and is not their mutual will, but was the individual will of each contained in one instrument.

■■ Having determined that the 1934 joint will was not contractual, we next determine whether Mrs. Williams, having probated Mr. Williams' 1934 will and accepting benefits thereunder, was estopped to make a disposition of her property different from her 1934 will. Appellees cite a number of cases for the proposition that she is estopped. We have carefully reviewed these cases and find they are not in point, because each case, with one exception, is a case where the will under construction was held to be a joint and mutual will. The one exception is the case of Dufner v. Haynen, 263 S.W.2d 662 (Tex. Civ.App.—San Antonio 1953, writ ref'd n. r. e.). There, the court held the joint will was not a mutual will based upon a contract, but that the survivor, having probated the joint will and accepted benefits under it, estopped herself from disposing of the property by will in a manner different from that provided for in the joint will. A careful reading of the opinion shows the survivor was put to an election since the decedent intended by his will to dispose of the entire community property, and having elected to take under the will, the survivor was estopped from accepting the favorable provisions and attempting to repudiate the unfavorable provisions. This analysis is borne out by the authorities cited in the opinion, as well

as the fact that the same court, in deciding less than a month before the case of City of Corpus Christi v. Coleman, supra, held the joint will there was not a mutual will and "if the will was not in fact a mutual will, she (the survivor) would not be estopped simply by having it probated as the individual will of her husband and accepting benefits under it". There is no contention that Mrs. Williams was put to an election under the 1934 will, and we find none. A will is a creature of statute, V.A.T.S. Probate Code, § 57, which provides for revocation, V.A.T.S. Probate Code, § 63, but does not provide for irrevocability. It follows that Ivy D. Williams was not estopped to make a different disposition of her property by a subsequent will, and by the provision of her 1957 will "revoking any and all other wills by me at anytime heretofore made", Ivy D. Williams effectively revoked her 1934 individual will. Her subsequent 1957 will and 1958 codicil, having been admitted to probate, controlled the disposition of her property.

■ The 1934 individual will of Henry Williams devised and bequeathed to Ivy D. Williams all his property for the term of her lifetime with power of disposition and provided for the vesting of the "remainder of all such property". The mineral estate remained at the death of Mrs. Williams, and an undivided one-half interest vested in the heirs at law of Mr. Williams under his 1934 will, and the other undivided one-half interest vested under the terms of Mrs. Williams' 1957 will and 1958 codicil; however, the record before us is not sufficient for us to determine as a matter of law just what personal property, if any, was owned by the estate of Mr. Williams at the death of Mrs. Williams and included in her estate. The power of disposition given Mrs. Williams, including the expenditure for living expenses recognized specifically in paragraph 7 of Mr. Williams' will, is the right to consume the whole of the inherited personal estate, if necessary, for the support,

maintenance and benefit of the survivor, and Mrs. Williams' estate would not be liable for any personal property consumed by her. Murphy v. Slaton, supra. The evidence was contradictory as to the source of the personal property received by Mrs. Williams during her lifetime and the disposition made thereof. We cannot tell from the record before us whether any, all or none of Mr. Williams' personal property had been consumed or disposed of by Mrs. Williams during her lifetime. Since we have held the 1934 joint will not to be a mutual will based upon a contract, the cause must be reversed and remanded for a determination of what personal property, if any, belonging to the estate of Mr. Williams and passing under his 1934 will, remained at the date of the death of Mrs. Williams.

In view of our disposition of this appeal, we do not discuss appellants' points of error pertaining to the taxing of costs since, upon another trial, the trial court will adjudge costs in conformity with its judgment.

Reversed and remanded.