Denard S. PRYOR, Jr., Appellant,

v.

Lillie Annie Mae PRYOR, Appellee.

No. 18311.

Court of Civil Appeals of Texas, Fort Worth.

Oct. 30, 1980.

Rehearing Denied Nov. 26, 1980.

Kelsey, Wood, Gregory & Banks and Richard H. Kelsey, Denton, for appellant.

Coleman & Baldridge and L. Royce Coleman, Denton, for appellee.

## OPINION

HUGHES, Justice.

Denard S. Pryor, Jr., has appealed the judgment of the trial court (after a jury trial) in favor of Lillie Annie Mae Pryor, his father's third and last wife (and widow), which judgment admitted said father's last will to probate.

We affirm.

This case involves two wills executed by Denard S. Pryor, Sr., deceased. Denard S. Pryor, Jr., contends that the first will is the joint and mutual will of the deceased, and Addie Mae Pryor, deceased, his father and mother, and that a constructive trust should be imposed on Lillie Annie Mae Pryor, the beneficiary of the second will.

On August 22, 1952, Denard S. Pryor, Sr. and Addie Mae Pryor (Pryor, Sr.'s deceased prior wife) signed a joint will. Addie Mae Pryor died on October 10, 1972. Upon the application of Pryor, Sr. the 1952 joint will was admitted to probate. Pryor, Sr. accepted all the benefits given to him in the 1952 will. (Denard S. Pryor, Jr. is the only child of the marriage of Pryor, Sr. and Addie Mae Pryor.)

Mr. Pryor, Sr. later married Lillie Annie Mae Pryor (Mrs. Pryor) on May 4, 1975. On August 4, 1976, Pryor, Sr. and Mrs. Pryor executed a joint will in which Pryor, Sr. revoked the 1952 will. Pryor, Sr. died on August 28, 1977.

Mrs. Pryor applied for probate of the 1976 will in the county court. Pryor, Jr., in his own interest and in the interest of Lida Marie Vandergriff, a child of Pryor, Sr.'s first marriage, petitioned the county court for declaratory judgment contesting probate of the 1976 will, applied for probate of the 1952 will and sought imposition of a constructive trust.

In his petition Pryor, Jr. alleged "[t]hat it was the intent ... of the parties that a joint disposition of property be contracted for at the time of the signing of the 1952 Will and effective to dispose of all property owned by the survivor in accordance with the terms of the 1952 Will;" and "[t]hat such contract implied that neither the mother or father would change or revoke the gift over to the children after the death of the first to die". Pryor, Jr. contends "[t]hat the revocation clause in the 1976 Will is legally ineffective to revoke the 1952 Will, DENDARD S. PRYOR, SR. having effectively contracted away his right to revoke the 1952 Will."

Trial was to a jury upon special issues. The first three special issues inquired as to whether there was an agreement that all property owned by the survivor would be disposed of in the manner stated in the 1952 will and whether the parties executed the 1952 will pursuant to such agreement. The jury answered each in the affirmative.

Special issue no. 4 inquired as to whether the parties had agreed that neither would revoke the 1952 will after the death of the first of them to die. The jury answered this issue in the negative.

Both Mrs. Pryor and Pryor, Jr. moved for judgment on the verdict. The trial court granted judgment in favor of Mrs. Pryor and Pryor, Jr. has prosecuted this appeal.

Points of error one through three assert that the trial court erred in disregarding the jury's answers to special issues one through three which issues, Pryor, Jr. argues, established that the 1952 will was a joint and mutual will supported by contract and that Pryor, Sr. and Addie Mae Pryor jointly executed the 1952 will pursuant to this contract.

■ Did the parties to the 1952 will have the intent to contract as to the disposition of property upon the death of the survivor? The burden of establishing a contract is on the party who contends the will is contractual. *Nye v. Bradford,* 144 Tex. 618, 193 S.W.2d 165 (1946); *Fisher v. Capp,* 597 S.W.2d 393 (Tex.Civ.App.–Amarillo 1980, no writ).

In *Fisher, supra,* at 398 it was said: "[T]he provisions of the will may establish the contract, competent witnesses may testify to the agreement, or both the will and extrinsic evidence may be combined to satisfy the burden. In the first

situation the will may, by its terms, conclusively prove it was executed in furtherance of an agreement. In the second situation, 'evidence as to declarations of the promisor, relations or conduct of the parties and other facts and circumstances, that tend to prove that an agreement was made, are admissible.' *Nye v. Bradford, supra,* at 168."

Pryor, Jr. "admits" in his brief that "[t]here is no evidence other than the wording of the 1952 will which tended to establish an agreement amounting in law to a contract to devise property under the mutual will theory." Under Tex.R.Civ.P. 419 we accept this statement as correct and will not consider any of the testimony elicited at trial insofar as it inures to the benefit of Pryor, Jr. in meeting his burden of proof; however, a discussion of some of the pertinent testimony would be helpful in the disposition of this appeal.

On direct examination by Mrs. Pryor and on cross–examination by Pryor, Jr., the attorney who drafted the will testified to the effect that he drafted a joint will in 1952 for Mr. Pryor, Sr. and Addie Mae Pryor because the parties wanted an economical manner of drawing up wills for the both of them. He further testified that at no time was it ever mentioned to him that there was a contract to bind the parties after the first death and that if mention had been made he would have written the will in binding language.

Furthermore, on cross–examination by Mrs. Pryor, Pryor, Jr. testified that as far as he knew there was no other oral or written agreement than that contained in the will.

The 1952 will contained the following pertinent provisions:

"THAT WE, Denard S. Pryor, being the same person as Denard Pryor, and wife, Addie Mae Pryor, of the County of Denton and State of Texas, being of sound mind and disposing memory, do make, publish and declare this our last will and testament, hereby revoking all wills by us, or either of us, at any time heretofore made.

"..."

"II

"We give, devise and bequeath to each other, that is to the survivor of us, all of the property, real personal and mixed of which we may respectively die seized and possessed, or be otherwise entitled to, to be owned, used enjoyed and disposed of by such survivor, in fee simple forever.

"...

"IV

"In the event of the death of both of us at the same time, and upon the death of the survivor of us without having disposed of the said estate, then we give, devise and bequeath to our beloved son Denard S. Pryor, Jr., a three–fourth (¾) undivided interest and to our daughter and step–daughter, Lida Marie Vandergriff, and undivided one–fourth (¼) interest in and to all the property, real personal and mixed, of which we, or the survivor of us, may died (sic) seized and possessed, or be otherwise entitled to, wherever situated and of whatsoever the same may consist, to be owned used and enjoyed by the said Denard S. Pryor, Jr. and Lida Marie Vandergriff, in the proportions hereinabove stated, by them in fee simple forever, *providing however, that this provision shall not in any way interfere with the right of the survivor of us to own, use and dispose of our said estate....*" (Emphasis ours.)

It is the province of the court to construe language of wills when it becomes necessary i. e., there is ambiguity, and in doing so "the court looks to the will as a whole 'and to the circumstances surrounding its execution' in determining intent." *Pruett v. Berkeley,* 405 S.W.2d 433, 435 (Tex.Civ. App.–Waco 1966, no writ).

In construing the language used within the four corners of this will, the fact that one instrument using the pronouns *we, ours,* and *us* expresses two wills executed by both of the testators is not effective in itself to establish that the will was executed pursuant to an agreement to make a mutual will. *Ellexson v. Ellexson,* 467 S.W.2d 515 (Tex.Civ.App.–Amarillo 1971, no writ).

■ In paragraph IV of the 1952 will it is specifically stated that the right of the survivor to own, use and dispose of the estate should not be interferred with. This provision follows directly the gift, devise and bequest to Pryor, Jr. and Lida Marie Vandergriff. The phrase "dispose of" has been defined as "[t]o alienate or direct the ownership of property, as disposition by will." Black's Law Dictionary 557 (Rev. 4th Ed. 1968); see also: *Johnson v. Johnson*, 306 S.W.2d 780 (Tex.Civ.App.–Amarillo 1957, writ ref'd).

In view of the evidence and the caution with which courts review contracts of this nature, we hold that Pryor, Jr. has not satisfied his burden of establishing that the 1952 will was "executed by the parties to carry out a planned and complete disposition of all of their property, . . . ." *Fisher v. Capp, supra*, at 398–99.

The trial court was warranted in disregarding the special issue jury findings to special issues numbered one through three because they were not supported by evidence. Tex.R.Civ.P. 301. There being no contract established, the issue raised at trial and on this appeal as to the revocability of such contract is of no concern.

The judgment of the trial court is affirmed.