**Steve BRIDGER, Appellant,**

v.

**Suzanne KIRKLAND and Dorcie Mae Jordan, Co-Independent Executrices of the Estate of Grace Belle Bridger, Deceased, et al., Appellees.**

**No. 8995.**

Court of Appeals of Texas, Texarkana.

Feb. 9, 1982.

Stephen B. Early, KFC Corp., Dallas, Tex., for appellant.

Charles E. Thompson, Lovelace & Thompson, Inc., Atlanta, for appellees.

BLEIL, Justice.

Steven Bridger appeals the trial court's judgment declaring that the 1959 joint will of Grace and George Bridger is not mutual and contractual. We affirm that judgment.

Steven Bridger was adopted by Grace and George Bridger in 1952. On March 25, 1959, the Bridgers executed a joint will which left all of their property to each other and then all property owned by the survivor to their children, share and share alike. George Bridger died October 8, 1961, and the 1959 will was probated in Harrison County. In September, 1974, Grace revoked her prior will and executed a will leaving her property to all of her children except Steven. Grace Bridger died in September, 1976, and in April, 1977, Steven Bridger filed this petition for declaratory judgment seeking a determination that the joint will of his parents was contractual and that he be entitled to a child's share of Grace Bridger's estate.

The second paragraph of the will contains the following language:

"It is our will and desire that the survivor of us, George Oliver Bridger or Grace Bell [sic] Bridger, as the case may be, shall with the rights and authority below given, have all the estate of every description, real, personal or mixed, which either or both of us may own, to be used, occupied, enloyed [sic], conveyed and expended by, and during the life of such survivor, as such survivor shall desire, and that upon the death of such survivor any of such estate then remaining shall be divided among the persons following in the following manner; to our children, share and share alike."

Over Steven Bridger's objection that this case should be decided by the terms of the will itself, and not based upon any testimony from the attorney who drew up the Bridgers' joint will, Charles Allen stated that he was the attorney who prepared the will. The Bridgers came to him with several legal matters shortly after he started practicing law. The Bridgers never dis-

cussed a contractual will with him. Mr. Allen was a criminal district attorney in Harrison County beginning in 1957 and practiced little civil law. The Bridgers did not request that he make a joint will. Rather, Mr. Allen prepared a joint will because of the availability of a printed form he borrowed from another attorney. He had no recollection the Bridgers had ever mentioned that they wanted a contractual will and believed that, had they done so, he would have remembered it. Allen was sure they did not even request a joint will.

Based on the evidence the trial court made extensive findings of fact and conclusions of law. The sufficiency of the evidence to support those findings is not challenged. The issue, then, is whether the court's findings support the conclusion that the will is not mutual and contractual.

■ In looking at this issue we follow certain guiding principles. One who contends a will is contractual has the burden of establishing a contract. *Nye v. Bradford*, 144 Tex. 618, 193 S.W.2d 165 (1946). In determining whether parties intend a will to be mutual and contractual we look to the will itself and to extrinsic evidence when available. *Magids v. American Title Insurance Co., Miami, Fla.*, 473 S.W.2d 460 (Tex. 1971); *Nye v. Bradford*, supra. And, contracts of this nature are reviewed by the courts with caution. They are established only by full and satisfactory proof with no presumptions or inferences indulged in their favor. *Magids v. American Title Insurance Co., Miami, Florida*, supra; *Kirk v. Beard*, 162 Tex. 144, 345 S.W.2d 267 (1961).

■ Steven Bridger cites *Dougherty v. Humphrey*, 424 S.W.2d 617 (Tex.1968), and other cases in which there was no extrinsic evidence for the proposition that the contractual intent of the parties must be ascertained from within the four corners of the will. We disagree. As we have already indicated extrinsic evidence is properly admitted in matters such as these. Even without the testimony of Mr. Allen, we do not find the terms of the will to be mutual and contractual as a matter of law. When, however, this testimony is considered to-

gether with the will the trial court had ample support for its decision. We hold that under the circumstances of this case, the trial court did not err in concluding that the will was not mutual and contractual.

We overrule the points of error and affirm the trial court's judgment.