Agnes TRLICA, Appellant,

v.

Hazel Charlotte BUNCH, et al., Appellees.

No. 05–81–00826–CV.

Court of Appeals of Texas, Dallas.

Oct. 5, 1982.

Rehearing Denied Nov. 8, 1982.

Larry F. Amerine, Dallas, for appellant.

George S. Vorpahl, Dallas, for appellees.

Before GUITTARD, C.J., and CARVER and WHITHAM, JJ.

GUITTARD, Chief Justice.

Agnes Trlica appeals from a judgment of the probate court finding (1) that the joint will of Andrew J. Ehrhardt and Lilian R. Ehrhardt dated August 12, 1971, was also contractual; (2) that a will executed by Andrew J. Ehrhardt on August 25, 1978, after his wife's death breached the contractual terms of the joint will by omitting as beneficiaries the children of Lilian Ehrhardt by a previous marriage; and (3) that

a constructive trust should be imposed upon the assets of the estate of Andrew J. Ehrhardt in favor of the children of Lilian Ehrhardt who were beneficiaries under the joint will. Appellant contends there is no evidence to support the court's finding that the joint will executed on August 12, 1971, was contractual and that the evidence is factually insufficient to support such a finding. We conclude that the trial court correctly construed the instrument in question as a contract binding on Mr. Ehrhardt after the death of his wife. Accordingly, we affirm the judgment of the trial court.

The following facts are established in the record. The joint will was executed on August 12, 1971. The following portions are pertinent to this appeal:

That we, Andrew Julius Ehrhardt and Lilian Ruth Ehrhardt, husband and wife of Dallas County, Texas . . . for the purpose of making the best disposition of our worldly affairs, . . . make and publish this our Last Will and Testament, . . . .

. . . . .

### III.

It is our will and desire that all the property both real and personal, either of us may die seized and possessed of . . . shall pass to and vest in fee simple in the survivor of us, Andrew Julius Ehrhardt or Lilian Ruth Ehrhardt, as the case may be, to manage, sell or dispose of as such survivor may wish or deem proper.

### IV.

We hereby constitute and appoint the survivor of us as Independent Executor or Independent Executrix, as the case may be, of this our Last Will and Testament, . . . .

In the event of a simultaneous death or after the death of both of us, then and in that event, we constitute and appoint the daughter of Lilian Ruth Ehrhardt by a previous marriage, Hazel Charlotte Bunch, as Independent Executrix of our estate, . . . .

## V.

In the event we should be killed in the same common accident or calamity, or should we die simultaneously or under circumstances causing a reasonable doubt as to which of us died first, or after the death of both of us, we will, bequeath and hereby direct that our estate, real, personal or mixed, be vested in the children of Andrew Julius Ehrhardt by a previous marriage, Dorothy Pauline O'Donnell, Peggy Lou Gosnell, and William Thomas Ehrhardt, and the children of Lilian Ruth Ehrhardt by a previous marriage, Mary Louise Cloy, John Whitney Choate, Jr., and Jack Belton Choate, Shirley Joy Smelley, and Hazel Charlotte Bunch, share and share alike, per stirpes and not per capita.

Lilian Ehrhardt died on December 5, 1973, and the joint will was admitted to probate as her will. On August 25, 1978, Andrew Ehrhardt executed another will. Mr. Ehrhardt died on March 13, 1979, and the second will was admitted to probate as his will. The children of Lilian Ehrhardt, who were beneficiaries under the first will, brought suit against the beneficiaries under the second will and against Agnes Trlica, who had purchased from the beneficiaries under the second will certain real property of Mr. Ehrhardt's estate. After judgment was rendered in favor of the plaintiffs, defendant Trlica perfected this appeal.

Appellant contends that the evidence is legally and factually insufficient because the only evidence introduced by appellees in support of their contention was the joint will itself, which, on its face, does not establish an agreement between the parties binding on Mr. Ehrhardt after his death. Appellant argues that by the terms of the joint will Andrew Ehrhardt received a "fee simple" estate to "manage, sell or dispose of" as he wished. Appellant contends that the "fee simple" language gave the survivor, Mr. Ehrhardt, the absolute right to full ownership of the property and that the words "dispose of" gave him the right to convey the property left to him under the joint will in a subsequent will. Appellant further argues that the testimony of Sam Rodehaver, the draftsman of the will, conclusively shows that the will was not contractual. Rodehaver testified that he often prepared joint wills for economical reasons and that he had never been asked to prepare a contractual will.

A joint will becomes contractual only when it is executed pursuant to an agreement between the testators to dispose of their property in a particular manner, each in consideration of the other. *Nye v. Bradford,* 144 Tex. 618, 193 S.W.2d 165, 168 (1946); *Ellexson v. Ellexson,* 467 S.W.2d 515, 519 (Tex.Civ.App.—Amarillo 1971, no writ). The burden of establishing a contract is upon the party who contends the will is contractual. *Nye v. Bradford,* 193 S.W.2d at 167. The contract may be established by the provisions of the will itself, or the will and extrinsic evidence may be combined to satisfy the burden. *Nye v. Bradford,* 193 S.W.2d at 168; *Fisher v. Capp,* 597 S.W.2d 393, 398 (Tex.Civ.App.—Amarillo 1980, writ ref'd n.r.e.).

Because the record before us contains no extrinsic evidence of an agreement between the testators, we must determine whether the will, by its very terms, evidences a contract. The primary factor to be considered in determining whether a joint will is contractual is whether the will, as a whole, sets forth "a comprehensive plan for disposing of the whole estate of either or both" of the testators. *Murphy v. Slaton,* 154 Tex. 35, 273 S.W.2d 588, 598 (1954). *See Fisher v. Capp,* 597 S.W.2d at 398; *Novak v. Stevens,* 596 S.W.2d 848, 852 (Tex.1980); *Knolle v. Hunt,* 551 S.W.2d 755, 759 (Tex.Civ.App.—Tyler 1977, writ ref'd n.r.e.). Evidence of a comprehensive plan exists when the will treats the property of both testators as one estate and not only provides for disposition of the property upon the death of the first to die but also provides for disposition of the remaining property on hand at the death of the survivor. Courts have concluded that such a dis-

position of the property indicates that the joint will was executed by the testators to carry out a planned and complete disposition of all their property, regardless of who should die first. *See Nye v. Bradford,* 193 S.W.2d at 168; *Harrell v. Hickman,* 147 Tex. 396, 215 S.W.2d 876, 878 (1948); *Fisher v. Capp,* 597 S.W.2d at 398–99; *Knolle v. Hunt,* 551 S.W.2d at 760.

■ Applying the foregoing analysis to the joint will executed by Lilian and Andrew Ehrhardt, we conclude that the language of the will provides evidence of a contract. In the preamble the testators identify the instrument as "our Last Will and Testament" and state that it is being made for the purpose of disposing of "our worldly affairs." In paragraph III each of the testators leaves his or her estate to the survivor in fee simple. Although such a disposition appears to give the survivor full ownership of the property, courts have repeatedly held that the use of "fee simple" language, when read in conjunction with subsequent provisions of the will, does not exclude a limitation on the power to dispose of the property by will. *Fisher v. Capp,* 597 S.W.2d at 399; *Knolle v. Hunt,* 551 S.W.2d at 760. Consequently, the language creating the first estate is not controlling because the primary factor is whether the testators have agreed to the disposition of the estate remaining in the hands of the survivor. Neither can we agree that the use of the language "dispose of" in the third paragraph indicates that the testators did not intend to be contractually bound by the provisions of the joint will. Although this language gives the survivor the right to dispose of the estate during his or her lifetime, it does not exclude a contractual obligation not to make a different disposition by will. *See Harrell v. Hickman,* 215 S.W.2d at 878; *Knolle v. Hunt,* 551 S.W.2d at 761.

■ Additional evidence of the testator's intent appears in the fourth and fifth paragraphs of the will. In the fourth paragraph, the testators treat their combined property as one estate by directing that no action be had in the probate court in the administration of "our estate" and by appointing "after the death of both of us" Hazel Bunch independent executrix of "our estate." In the fifth paragraph two conditions are placed on the estate awarded the survivor. The paragraph not only provides for the disposition of the estate in the event there is no survivor, but it also provides for disposition of "our" estate "after the death of both of us." The testators direct that "our" estate is to then "be vested" in the children of both testators by a previous marriage, "share and share alike." Use of the personal pronoun, though not conclusive, is an indication of an intent to make a final disposition of both estates. *Knolle v. Hunt,* 551 S.W.2d at 760. Additionally, we observe that the disposition to be made after the death of the survivor is an equal distribution naming the lineal descendants on *both* sides of the family. Such equality is also considered as an indication of an agreement. *Nye v. Bradford,* 193 S.W.2d at 168; *Knolle v. Hunt,* 551 S.W.2d at 760. Consequently, we hold that the will itself and the circumstances of its execution support the trial court's conclusion that the intent of Lilian and Andrew Ehrhardt was to make a joint and contractual distribution of the entire estate, regardless of who survived and for how long.

Appellant cites several cases dealing with wills containing language similar to the joint will executed by the Ehrhardts. Although the cases cited would seem to support appellant's position, we are unable to conclude that they are controlling here in view of the authorities above cited. In both *Pryor v. Pryor,* 607 S.W.2d 648 (Tex.Civ. App.—Fort Worth 1980, writ ref'd n.r.e.) and *Crain v. Mitchell,* 479 S.W.2d 956 (Tex. Civ.App.—Fort Worth 1972, writ dism'd) extrinsic evidence bearing on the intent of the parties was available. In both cases, the evidence indicated that the sole purpose of the joint will was to effect a savings in attorney's fees. Although Rodehaver, the

**544**

draftsman of the Ehrhardts' will, testified that he often prepared joint wills for economical reasons and that he had never been asked to prepare a contractual will, he also stated that he could not recall whether the Ehrhardts expressed to him any agreement they might have had. Consequently, his testimony falls short of establishing conclusively that no agreement was made. Moreover, the will in the *Pryor* case, unlike the will in the present case, expressly states that the secondary disposition should not interfere with the right of the survivor to dispose of the estate. The *Crain* will is more nearly like that now before us, but *Crain's* precedential value was expressly discredited by the Supreme Court in *Novak,* 596 S.W.2d at 853.

In *Ellexson v. Ellexson,* 467 S.W.2d 515 (Tex.Civ.App.—Amarillo 1971, no writ), another case in which appellant relies, each testator devised a life estate and remainder interests only in his or her estate and did not attempt to exercise any control over the estate of the other. Consequently, the court in *Ellexson* concluded that the will did not show conclusively on its face that it was executed pursuant to a contract. Here, however, the language of the will indicates that the parties jointly planned the disposition of their combined estates with the intention that the survivor would carry out the plan. Consequently, the trial court properly found that the will created a binding contract which Mr. Ehrhardt was not free to disregard after his wife's death.

Affirmed.