328 S.E.2d 526

**Harvey Ivan WETZEL**

v.

**Catherine Rose WATSON, and Olive Marie Utt, Administratrix, C.T.A.**

No. 16267.

Supreme Court of Appeals of West Virginia.

April 3, 1985.

Ross Maruka, Fairmont, for appellee.

Paul E. Parker, Jr. and Paul E. Parker, III, Fairmont, for appellants.

BROTHERTON, Justice:

Harvey Ivan Wetzel instituted this proceeding originally in the Circuit Court of Marion County, West Virginia, Division I, seeking to have a trust in his favor impressed upon the real estate and personalty of his father, Percy Lewis Wetzel, deceased. Harvey Wetzel's main contention was that a joint will, executed by his parents, Percy Lewis Wetzel and Gay Gertrude Glover Wetzel, on July 23, 1955, naming him as beneficiary after the death of his parents, was made pursuant to a contract or agreement and is therefore irrevocable. The lower court found for Harvey Wetzel, and by order dated July 17, 1983, impressed a trust on the estate of Percy Lewis Wetzel. The appellants, Catherine Rose Watson, et al., beneficiaries under a subsequent will of Percy Lewis Wetzel dated June 21, 1972, appeal to this Court.

Percy Lewis Wetzel and Gay Gertrude Glover Wetzel were husband and wife, residing in Archer County, Texas, when on July 23, 1955, they executed a single testa-

mentary instrument which was properly executed under the laws of Texas. This will (hereinafter referred to as the "1955 joint will") provided in part:

IT IS OUR WILL and desire that the survivor of us, Percy Lewis Wetzel or Gay Gertrude Glover Wetzel, as the case may be, shall, with the rights and authority below given, have all the estate of every description, real, personal or mixed, which either or both of us may own, to be used, occupied, enjoyed, conveyed and expended by, and during the life of, such survivor, as such survivor shall desire, and that upon the death of such survivor any such estate then remaining shall be divided among the persons following in the following manner: Our beloved son, Harvey Ivan Wetzel, or, if he shall be dead at the death of such survivor, his wife and child or children shall receive all of such estate, if any, in fee simple.

Appellee, Harvey Ivan Wetzel, is the only child of Mr. and Mrs. Percy Wetzel. By the above will he was named the sole beneficiary of the estate of the survivor of his parents. Mrs. Wetzel died on January 1, 1960, in Archer County, Texas. Shortly after the death of his wife, Mr. Wetzel retired and moved from Texas to Marion County, West Virginia, where he lived out the remainder of his life. The 1955 joint will was not probated by Mr. Wetzel in Texas at the time of his wife's death. He instead took his wife's estate by intestate succession.

Mr. Wetzel died on June 10, 1978. His estate consisted primarily of sixty acres on Mohans Run, Mannington District, Marion County, West Virginia (known as Fluharty Farm), United States savings bonds, and a checking account.

After Percy Wetzel's death, a brother, David Wetzel, went to the decedent's safe deposit box at the First Exchange Bank in Mannington and removed an item which was described as the Last Will and Testament of Percy Lewis Wetzel dated June 21, 1972 (hereinafter referred to as the "1972 will"). After removing the will from the safe deposit box, David read the will to the family of Percy Lewis Wetzel. The will, naming David Wetzel as executor, devised and bequeathed the farm and all personalty thereon to Catherine Rose Watson, appellant, and the residue of the estate was left to Mr. Wetzel's three grandchildren (the children of Harvey Ivan Wetzel), Susan Gay Wetzel Foster, Janelle Wetzel King, and Lou Ann Wetzel McKelvain.

David Wetzel declined to qualify as executor and Olive Marie Utt qualified as Administratrix C.T.A. After her qualification, Olive Marie Utt examined the contents of the safe deposit box of Mr. Wetzel, from which the 1972 will had been taken. In this examination she discovered the 1955 joint will. The Circuit Court of Marion County found that the 1955 joint will was a joint and mutual will and upon the death of Gay Gertrude Glover Wetzel became irrevocable. The court, therefore, impressed a trust in favor of Harvey Ivan Wetzel on the estate of Percy Lewis Wetzel. We agree with the action of the Marion County Circuit Court, Division I, and affirm.

## I.

The initial issue is whether the law of Texas or the law of West Virginia governs the effect of the 1955 joint will. We find that the result would be the same under the laws of either state and, therefore, do not reach the conflict of laws issue.

██ Under either West Virginia or Texas law, the 1955 joint will is a joint and mutual will [1] made pursuant to an agree-

---

1. A *joint will* is a single testamentary instrument jointly signed by two or more persons. *In re Reed's Estate*, 125 W.Va. 555, 558, 26 S.E.2d 222, 224 (1943).

   *Mutual wills* are wills executed pursuant to an agreement between the testators to dispose of their property in a particular manner, each in consideration of the other. Syl. pt. 2, *Davis v. KB&T Co.*, 172 W.Va. 546, 309 S.E.2d 45 (1983).

A *joint and mutual will,* therefore, is one executed jointly by two persons with reciprocal provisions which shows on its face that the devises are made one in consideration of the other. *Black's Law Dictionary* 1422 (5th ed. 1979). The mutual consideration makes such an instrument a "will contract."

ment or contract[2] and therefore irrevocable.[3] In both states the courts look at the language of the will and the circumstances surrounding its execution to see if the evidence supports a finding that the will was made pursuant to an agreement or contract. *See Davis v. KB & T Co.*, 172 W.Va. 546, 309 S.E.2d 45, 48 (1983); *Bridger v. Kirkland*, 628 S.W.2d 511, 513 (Tex. Ct.App.1982).

The language of the 1955 joint will evidences a contractual agreement. The parties agreed that their estate would go first to the survivor and the remainder would then to their son, Harvey Wetzel, plaintiff. While not controlling, the use of the terms "we" and "our" in the will is persuasive. *Trlica v. Bunch*, 642 S.W.2d 540, 543 (Tex.Ct.App.1982), *Knolle v. Hunt*, 551 S.W.2d 755, 760 (Tex.Civ.App. 1977). It is also quite persuasive that the will sets out a comprehensive plan for disposing of the estates of both testators. *See Trlica v. Bunch, supra*, 642 S.W.2d at 542. Further, the surrounding circumstances indicate that the will was contractual. At the time of the execution of the will in Archer County, Texas, the will was

discussed with the son in the presence of the parents, and it was his understanding that any remaining estate would eventually come to him at the death of the survivor of his parents. The language of the instrument and extrinsic evidence both support a finding that the 1955 will was a joint and mutual will made pursuant to a contract and we, therefore, so hold.

## II.

Although Texas and West Virginia substantially agree on the test for determining a joint and mutual will, the two states differ in that West Virginia law requires an acceptance of benefits by the survivor before the will becomes irrevocable. *See Underwood v. Myer*, 107 W.Va. 57, 59, 146 S.E. 896, 897 (1929). Texas law does not require such an acceptance of benefits. *See, e.g., Weidner v. Crowther*, 157 Tex. 240, 245, 301 S.W.2d 621, 624 (1957). The appellees urge that there was no acceptance of the provisions of the 1955 joint will because the will was not probated until after Mr. Wetzel's death.[4] We disagree.

---

**2.** Both states recognize the enforceability of a contract to make a will. *See Underwood v. Myer*, 107 W.Va. 57, 59, 146 S.E. 896, 896–97 (1929); *Jordan v. Abney*, 97 Tex. 296, 304, 78 S.W. 486, 489–90 (1904).

**3.** While we use the term "irrevocable" for convenience, we recognize that the term is technically inaccurate.

Revocability ... is an essential element of a will. An instrument which cannot be revoked is not a will, whatever else it may be. Accordingly, a joint, mutual or reciprocal will may be revoked as any other may be.

1 Page on wills § 11.9 (1960). The surviving party to a mutual will is always free to revoke the will.

Effective revocation, however, will be prevented by a court of equity. *Weidner v. Crowther*, 157 Tex. 240, 246, 301 S.W.2d 621, 625 (1957). An instrument jointly executed by two testators may be testamentary in character, and at the same time create a contract between the testators. *Rastetter v. Hoenninger*, 214 N.Y. 66, 71–72, 108 N.E. 210, 711 (1915). Although the will may be revoked at any time, equity will enforce the contract:

While, strictly speaking, an agreement to dispose of property by will cannot be enforced after the death of the promisor, courts of equity can do what is equivalent thereto by

impressing a trust in favor of the promisee on the property in the hands of the heirs at law, personal representative or others who may claim title or be in possession thereof.

*Gray v. Marino*, 138 W.Va. 585, 588, 76 S.E.2d 585, 588 (1953). Because equity will enforce the contract in a joint and mutual will according to its terms, the will is, for all practical purposes, irrevocable.

**4.** The appellants also argue that Mrs. Wetzel had no estate. We disagree. There are a number of facts that would indicate that Mrs. Wetzel did have an estate and that Mr. Wetzel took advantage of her estate. In the depositions taken in this action, Harvey Wetzel remembers a china plate collection that his mother had from her visits to Canada and possibly a coin collection. Also, during her lifetime, in view of the fact that the parties lived in Texas, she had an interest in the community property of her husband. *See* Tex.Fam.Code § 5.01 (1975). Mrs. Wetzel could have left her interest in the community property, plus her separate property, to her son outright at her death. *See Gillman v. Gillman*, 313 S.W.2d 931, 937 (Tex.Civ.App.1958). Her abandonment of this right forms her part of the consideration for the mutual will. This consideration was certainly more than a sham consideration and, therefore, adequate to form a binding contract in the event of a mutual will. The

The appellants argue that the case of *Underwood v. Myer,* 107 W.Va. 57, 146 S.E. 896 (1929), requires the surviving testator of a joint and mutual will to take the property of the deceased spouse through the will and not by intestate succession in order to have "accepted the benefits under the will." The text of that case, however, indicates a more flexible rule:

A mutual will ordinarily becomes irrevocable after the death of one of the makers if the survivor *takes advantage of the provisions made by the other.*

. . . .

By that arrangement each party to the will agreed to make a testamentary disposition in favor of the survivor with remainder to the defendant. The provision for the one was the inducement of the provision for the other. [citations omitted]. That reciprocal agreement became a fixed obligation upon the death of the [first party] and the acceptance by [the survivor] of the testamentary benefits accruing to her from that arrangement. (citations omitted)

107 W.Va. at 59–60, 146 S.E. at 896–97 (emphasis added). The Court in *Underwood* recognized that a joint and mutual will becomes a fixed obligation when the surviving party accepts the testamentary benefits accruing to him by virtue of the will contract.

Gay Wetzel fully performed her two obligations under the will contract when she died. First, she made a will in her husband's favor, and, second, she refrained from later revoking her will and devising the property to anyone else. Percy Wetzel clearly benefited by the arrangement. Under the Texas law of intestate succession Percy Wetzel was only entitled to one-third of his wife's separate property. Tex.Prob.Code § 38 (1980). Instead, he kept all her estate. He, therefore, accepted the benefits of the will contract despite foregoing the formality of probate at his wife's death. The 1955 joint will became irrevocable when Percy Wetzel accepted his wife's estate.[5]

The 1955 will was a joint and mutual will made pursuant to a contract and irrevocable under either Texas or West Virginia law. The decision of the Marion County Circuit Court was, therefore, correct and a trust was properly impressed upon the estate of Percy Lewis Wetzel in favor of the appellee.

Affirmed.

---

law is not such an iron mistress that because Mrs. Wetzel's estate was of a lesser value than that of Mr. Wetzel it was insufficient to support a contract. A valuable consideration, however small, if bargained for in good faith in the absence of fraud will be sufficient to sustain a contract. *Peyton v. Peyton,* 271 S.W.2d 493, 500 (Tex.Civ.App.1954); *Lovett v. Eastern Oil Co.,* 68 W.Va. 667, 670, 70 S.E. 707, 708 (1911).

**5.** The appellee's argument is strengthened by the fact that in both West Virginia and Texas

there are statutes which impose possible criminal sanctions on a person who fails to deliver a will to probate in order to promote his own gain at the expense of others. *See* W.Va.Code § 61–3–23 (1984); Tex.Prob.Code § 75 (1980). The public policy and legislative intent of both states is to encourage the probate of wills and to prevent one from benefiting at the expense of others by refusing to probate a will in his possession.